REVERSED AND REMANDED.

[Opinion delivered January 27, 1880.]

ED. RANDALL v. E. M. COLLINS.

1. PRACTICE.—The Revised Statutes permit the depositions of witnesses
residing in the county to be taken; but if the witness is present in
court at the trial, and objection on that ground to reading the depo-
sition be made, the proper practice requires that the witness be intro-
duced in person.

2. SAME.—The depositions of the witness, if not present, could be read,
but his personal examination before the court and jury would be more
satisfactory.

3. CHARGE OF THE COURT.—The failure of a sheriff's fee-book to show
a charge for service of citation, is more in the nature of a negative
presumption or inference of fact, legitimate in argument before the
jury, than a presumption of law, proper, as such, to be given in the
charge; and a charge which, in effect, gives the same legal effect to
the negative presumption arising from the want of such entry in the
fee-book, as the affirmative return on the citation itself, that it had
been served, is error.

4. PRACTICE—RES ADJUDICATA.—The question of costs becomes *res*
*adjudicata* where payment thereof is imposed as terms upon granting
a motion for new trial, and it is error for the court to refuse to reform
the final judgment accordingly. The action of the court in refusing
to reform the judgment being apparent on the record, no bill of
exceptions is necessary.

5. EVIDENCE—PRESUMPTION.—See evidence held insufficient to over-
turn the presumption in favor of the recitals in the record.

APPEAL from Houston. Tried below before the Hon. W. D.
Wood.

T. W. House & Co. recovered judgment by default, in the
District Court of Houston county, February 22, 1861, against

W. D. Williams and T. P. Collins, for $428.59, suit being brought on a promissory note executed by Williams to Collins, and indorsed by Collins. Collins was sued as indorser, but the judgment was against the parties jointly. The case was taken to the Supreme Court by writ of error, where the judgment was affirmed.

The court-house and records of Houston county were destroyed by fire in February, 1865. On July 3, 1867, House & Co. filed a motion to revive the judgment. Service of *scire facias* issued July 20, 1867, and was served. Williams being dead, his administrator, J. R. Bridges, failed to answer. On March 19, 1868, Collins answered by general demurrer and general denial, also denying that the suit was authorized by House & Co., and accompanied his answer with an authority from T. W. House to dismiss the suit; and on September 8, 1868, he again answered by general demurrer and general denial. On March 29, 1868, John H. Burnett filed a plea of intervention, setting up ownership of the note originally sued on and the judgment, alleging that he was indebted to House & Co. at the time, and brought the suit in their name, with their consent, he having transferred the note to them as collateral security, and that his indebtedness to House & Co. had since been paid.

Collins died pending the suit, and his widow and executrix, who is the appellee, in September, 1869, answered by general demurrer, and also set up, under oath, that T. P. Collins never indorsed the note, and that he was not served with process in the original suit. She pleaded in reconvention, alleging fraud. On a trial in April, 1871, appellee recovered judgment for costs and $100 damages, which was reversed by the Supreme Court. (House *v.* Burnett, 42 Tex., 486.) In November, 1877, the cause was again tried, resulting in a judgment for Burnett, upon the terms that Mrs. E. M. Collins pay one-half of the costs accrued to that date; but a new trial was granted.

Since the reversal, J. H. Burnett transferred the judgment to appellant, who, in November, 1878, intervened. Burnett,

after the transfer, was adjudged a bankrupt, and in April, 1879, his assignee filed a disclaimer. The cause was again tried on September 9, 1879, before a jury.

On the trial, the appellant read in evidence certified copies of the citation, sheriff's return, and the judgment of the court, and also the testimony of W. M. Taylor, who stated that he prosecuted the original suit for plaintiffs (Burnett having himself having brought the suit) and obtained judgment by default; that he informed the defendant Collins, the next day after the judgment was taken, that he had taken a judgment by default against him, and Collins replied he had a man between him and the judgment; that Collins was served with process, which he knew from the papers in the case; that at the time judgment was taken Collins' place of business was not more than forty steps from the court-house; that he knew Collins' signature, and did not doubt that his indorsement of the note was genuine; that he was in the habit of examining petition and service before taking judgment by default, and believed he did so in this case, and that service was complete; but all he knew of the service was from the papers in the cause. The appellant also read the judgment of the Supreme Court against Williams and Collins, but Collins did not join in the writ of error.

S. W. Cooper testified that about the first of the year 1861 Beckham (deputy sheriff) and Burnett came to his office in the court-house; Burnett went in the direction of the district clerk's office and returned in a short time with papers in his hand and said to Beckham, "Blair has not served Thomas P. Collins yet"; Beckham said it was not in his district, or something to that effect; Burnett told him to go and serve it, and if Blair complained, he would pay both of them; Beckham went in the direction of the store-house of Collins; shortly returned and asked witness to write his return, which witness did; that this matter was associated in witness' mind with the Holcomb transaction, in which Burnett consulted him about Holcomb's resisting an officer. J. H. Burnett testified to the

same facts as Cooper; that he did not see Beckham give the papers to Collins, but knew that he was served.

The answer of T. P. Collins, filed in his life-time, being general demurrer and general denial, with authority of J. W. House to dismiss the suit, was also read in evidence by the appellant.

The appellee read in evidence the deposition of C. H. Blair, sheriff in 1861, who stated that he kept a sheriff's book, in which was recorded the official acts of himself and deputies in serving process. The book shows service on Williams by Beckham, but not on Collins, and he believes the book is correct from the returns made to him by Beckham. All papers served by his deputies were required to be returned to him, and he made the entries. He was to serve papers in Crocket, and Beckham, who was appointed at the instance of J. H. Barnett, was to serve process in the lower part of the county; he (Blair) generally received process from the district clerk's office, except in his absence, in cases of emergency, when the clerk was instructed to give papers for execution to his deputies. "My docket does not show that Thomas P. Collins was served, and if he was served by any one else, I do not believe it was returned to me; I cannot say positively that he was not served."

The defendant on the trial read in evidence, over the objections of appellant, the depositions of F. A. Beckham, taken when a citizen of Trinity county, but at the trial a resident of Houston county, and personally present in court.

Beckman testified, by deposition, that he did not recollect having ever served any process on Thomas P. Collins in any capacity whatever; did not recollect having served process in this case except as to Williams; did not serve any process on Collins, and had no memorandum of the same. On cross-examination he stated he could not swear positively as to service of Collins; did not recollect having served any process on him.

The defendant then introduced the sheriff's fee-book, and it

showed that W. D. Williams was served on the 2d of February, 1861, but did not show any service on Collins.

When placed on the stand by appellant, Beckham said that, after his recollection had been refreshed, he remembered having served some process on Thomas P. Collins, and it was in the case of T. W. House & Co.   Judge Cooper said he wrote the return, but he (witness) thought Colonel Blair wrote it, but would not be positive.   Blair had been complaining about the returns, and he (Blair) wrote it to show witness how to make a return, and the return was written in Long's Hotel, and not in Cooper's office. On cross-examination by appellee, he was shown an affidavit made by him in 1877, and filed with appellee's motion for a new trial at a former term, which affidavit he said was true.   It shows that he was appointed deputy sheriff in the fall of 1860 to serve process in the eastern portion of the county; says he served but one writ in Crocket, which he thinks was on Thomas P. Collins; Cooper did not write the return; that service of the writ was soon after he went into office, and in the fall of the year 1860, and Blair wrote the return to show him how to write returns.   The service of this writ was connected in his mind with some service done near the Trinity-county line about the same time. That if he served any process on Collins, it was before service of Williams, and long before February, 1861; that the arrest of Holcomb for taking property from witness' possession after levy in favor of J. H. Burnett, was in the fall of 1860.

At the request of the defendant, the court instructed the jury that "the law presumes the entries in a sheriff's book, which the law requires the sheriff to make, to have been properly and correctly made, and that the sheriff has properly discharged the duty thus required of him."   To which the court added, that "the law also presumes that the return indorsed on a citation by the sheriff or his deputy is true until the contrary appears by satisfactory evidence."

Judgment was rendered for appellant against W. D. Williams' administrator for the amount of the original judgment

and interest, and in favor of the appellee and against the appellant for costs as against her, the jury, on special issues, finding that Collins was not served with citation in the original suit, but that he indorsed the note on the 31st of December, 1859, and suit was not brought until January 31, 1861.

The appellant made a motion for new trial, and to have the judgment reformed· so as to tax the defendant Mrs. E. M. Collins with one-half the costs up to the November Term, 1877, as ordered by the court in granting a new trial at that term. The motions were overruled, and Randall appealed, assigning as error:

"1st. The court erred in permitting defendants to read in evidence, over the objections of the intervenor, the depositions of F. A. Beckham, when said witness was a resident of Houston county and present in court.

"2d. The court erred in giving in charge to the jury the special charge asked by the defendants, to the effect that the law presumes the entries in a sheriff's book to have been correctly made, &c.

"3d. The court erred in overruling the motion of intervenor to reform or correct the judgment so as to adjudge one-half the costs against the defendant Collins, in accordance with the order of the District Court made at· a former term in granting said defendant a new trial in this cause, said new trial having been granted on the terms that defendant pay half the costs, and the same not having been paid.

"5th. The verdict of the jury in finding that Thomas P. Collins was not served with process in the original suit, is against the preponderance of the evidence, and not supported by evidence."

*Moore & Burnett*, for appellant.

*Nunn & Williams*, for appellee.

I. It was the intention and purpose of the act of 1879 to remove the former restrictions upon the use of depositions on

the trial, and to favor this mode of taking evidence, for the very good reasons enumerated in the act.    (Pamphlet Acts of 1879, p. 126.)

II. The defendant suffered no injury, because he had the witness upon the stand and interrogated him.    (Acts of 1879, p. 126; Willis v. Chambers, 8 Tex., 150; Davis v. Loftin, 6 Tex., 496.)

III. All official acts done by officers in performance of duties prescribed by law, are presumed to be correctly performed; and if the law requires a registry of such acts, this has the legal presumption that it is correctly made. (Paschal's Dig., art. 3827; 1 Greenl. Ev., 227, 483, 491, et seq.)

IV. We submit that the new trial was unconditionally granted, and if the terms imposed were not enforced by the order imposing them, it is not believed that the error could be corrected at a subsequent term.

If the order imposing terms was sufficient to secure the right, then there was no occasion to revise that order, as was here attempted, by motion to reform the judgment.

If the order imposing the terms is sufficient to secure the right contended for, then the final judgment will only apply to such costs as remain unadjudicated.    (Houston v. Starr, 12 Tex., 425; Clifton v. Lilley, 12 Tex., 131; Gorman v. McFarland, 13 Tex., 237.)

V. If there be error in this particular, it is not such as to require a reversal.    (Paschal's Dig., art. 1562.)

VI. This court will not reverse upon the facts where there is a conflict of evidence, but such question of fact will be left to abide the verdict of the jury; and in a peculiar degree is this so when the finding is, as in this case, on special issues submitted.    (Patton v. Gregory, 21 Tex., 519; Anderson v. Anderson, 23 Tex., 641; Cummins v. Rice, 19 Tex., 226; Russell v. Mason, 8 Tex., 226; Mitchell v. Matson, 7 Tex., 4.)

BONNER, ASSOCIATE JUSTICE.—The statute (Rev. Stats., art. 2218, note) which permits parties to take the depositions of

witnesses generally, residing within the county, was wisely intended to save expense and delay in the prosecution of suits. If, however, at the trial, the witness should be present in court, and objection on that ground be made to the reading of the deposition, the proper practice would require that the witness be introduced in person.

Although, if not present, the deposition could be read, still his personal examination before the court and jury might be more satisfactory than the deposition. (Elliot *v.* Mitchell, 28 Tex., 112.)

Under the practice above indicated, the question as to which party had introduced the witness, which, under some circumstances, might be important, would not, as in this case, arise upon the trial.

2. The special charge asked by the defendant and given as added to by the court, gave to the negative presumption arising from the want of an entry in the fee-book of the sheriff, of a charge for service of citation on T. P. Collins, the same legal effect as the affirmative return on the citation itself, that he had been served.

In this we think there was error.

The failure of the fee-book to show a charge for service of citation on T. P. Collins, was more in the nature of a negative presumption or inference of fact, legitimate in argument before the jury, than a presumption of law, proper, as such, to be given them in charge. (Johnson *v.* Timmons, 50 Tex., 535.)

3. There was also, in our opinion, error in the refusal of the court to reform the judgment so as to tax the estate of T. P. Collins with one-half the costs which had accrued to date of the former judgment of the court, imposing this as terms upon the granting of his motion for a new trial. This question had, by the former judgment, become *res adjudicata.*

The facts connected with the granting of the former motion for new trial, and the action of the court refusing to reform the judgment, being apparent of record, the reason which requires a bill of exceptions in certain cases did not apply in this.

Syllabus.

4. In this case, on a former appeal, (42 Tex., 486,) the doctrine was recognized, that if the entry of a service of citation on T. P. Collins, one of the original defendants, and against whom judgment by default was taken, had been falsely and fraudulently procured by Burnett, a former party to the suit, then the affirmance by the Supreme Court of the original judgment, Collins not being a party to the appeal, would not, in this suit to revive the judgment, preclude the equitable defense, that in fact he had not been cited.

The record in the present case, as presented by briefs of counsel, fails to show any satisfactory evidence that there was such fraud as alleged, and upon which the former opinion of this court was based.

If it be admitted that, irrespective of the question of fraud, the record could be contradicted by parol, still we are of opinion that the evidence was not sufficient to overturn the presumption in favor of the recitals in the record of that judgment. The verdict of the jury in this particular was clearly against the evidence, and there was error in overruling the motion for a new trial on that ground.

Judgment reversed and cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 27, 1880.]

[Chief Justice MOORE did not sit in this case.]