No. 5816.

ROBERT B. CAPT ET AL. *v.* JACK STUBBS ET AL.

1. TRESPASS TO TRY TITLE.—In trespass to try title, when the plaintiff exhibits a title derived through mesne conveyance and a voidable judicial sale, the defendant can not prevent a recovery by showing an outstanding equity with which he has no connection.

2. SAME.—A defendant who shows no title in himself can not defeat a recovery by plaintiff in trespass to try title who exhibits a title prima facie good, by showing fraud in the procurement of one of the mesne conveyances through which plaintiff claims, with which defendant has no connection and in which he discloses no interest.

3. TAXES—SAME.—The payment of taxes on land by a trespasser in possession gives him no right to reimbursement from the true owner in an action by the latter to recover possession.

4. PRACTICE.—The postponement of the trial of a cause, on its being regularly called, to a later day in the term, is within the discretion of the district judge, and can not be made a ground for reversal on appeal.

5. EVIDENCE.—When, in a suit of trespass to try title, a writ of sequestration has issued, and the defendant in possession, who subsequently filed a disclaimer, executed a replevin bond, it was not error to permit the plaintiff's counsel to read in evidence the bond in order to show that when the suit was begun the defendant asserted claim to the land, and thereby enable plaintiff to recover his costs.

6. DISCLAIMER.—A disclaimer may relieve a party to a suit from liability for all costs incurred after it is filed, but not from costs previously incurred, if the party disclaiming is in possession, or set up claim when the suit was brought.

APPEAL from Blanco. Tried below before R. H. Ward, Esq., special judge.

In addition to what is apparent from the opinion, it may be added that, when this case was called for trial, February 5, 1886, appellees announced ready. Appellants refused to answer, and objected to the trial proceeding, because the case was not regularly reached on the docket. The court ordered the trial to proceed. Appellants excepted, and to the appellants' exceptions the court explained: "After the demurrer had been acted on, and before announcement on the facts, a disagreement occurred between counsel as to what was the extent of a verbal agreement in regard to waiving notice of filing title papers—appellants having only one day's notice of the filing of one of

appellees' deeds. Therefore, the court, on motion of appellees, postponed this case to the fifth of February, 1886, on which day the case was called and tried."

*Nix, Storey & Nix,* for appellants: On their proposition that administrator's sales and deeds may be attacked for fraud by strangers in a collateral proceeding, whenever such sales and deeds are relied upon to affect the rights of such strangers, they cited Murchison v. White et al., 54 Texas, 78; Burdett v. Silsbee, 15 Texas, 620; Giddings v. Steele, 28 Texas, 757; De Witt v. Miller, 9 Texas, 504.

No briefs for appellee's counsel have reached the Reporter.

GAINES, ASSOCIATE JUSTICE. This was an action of trespass to try title, brought by appellees against appellants Robert B. Capt and John Augerstein to recover a tract of land patented to Jacob DeCordova as assignee of Thomas J. Callahan. The orignal defendants above named set up that they were tenants of Felix W. Capt, who subsequently appeared and made himself a party defendant.

Appellees introduced in evidence the patent to Cordova to the land in controversy, an order of sale of the county court of Bosque county directing L. B. Davis as administrator of the estate of Jacob DeCordova, deceased, to sell this as well as other tracts of land belonging to said estate, a report of the sale by said administrator of this tract to J. C. Frazier, an order of said court confirming said sale, and a deed from the administrator to the purchaser. Appellees also exhibited in evidence a consecutive chain of title from Frazier down to themselves. The transcript of the proceedings of the county court of Bosque county showed that the lands were ordered to be sold at private sale, and that the tract in controversy was sold for seven dollars. From the order of confirmation it did not affirmatively appear that proof was made before the court that the amount offered was a fair price for the land.

Defendant F. W. Capt proved that the land at the time of the sale was worth from fifteen hundred to two thousand dollars. He introduced in evidence a deed from Louis Capt to himself for the premises in controversy, but failed to show from what source, if any, his grantor derived his claim.

The seventh assignment of error raises the question of the

validity of the administrator's sale, and as we regard this as the leading question in the case, we will dispose of it first. The defendant showed no title to the land himself. He could have defeated a recovery by plaintiffs by showing an outstanding legal title in a third party, but not by showing simply an outstanding equity, without connecting himself with it. (Shields v. Hunt, 45 Texas, 424; Johnson v. Timmons, 50 Texas, 521; Fitch v. Boyer, 51 Texas, 336.) If, therefore, the sale was absolutely void, the legal title remained in the heirs of Cordova, subject to administration, and defendant had the right to avail himself of this as a defense to the action. If, however, the sale was voidable only, then defendant could not be permitted to set up the defense without showing an interest in the estate.

The principal grounds relied upon to show the invalidity of the judgment are fraud, as shown by the gross inadequacy of price, and the failure of the order of confirmation to show that proof was heard upon the question of the sufficiency of the price, when that order was made. In reference to the latter ground it is sufficient to say that it is to be presumed that the court did its duty and that the evidence was heard. The statutes do not require that the minutes of the court shall show affirmatively that this was done. As to the ground of fraud, admitting that the circumstances relied upon were sufficient to prove this, the judgment would have been voidable and not void, and the sale would have remained good as to all parties until set aside at the instance of some one or more of the heirs or creditors, in a direct proceeding instituted for that purpose. (Fisher v. Wood, 65 Texas, 199; Murchison v. White, 54 Texas, 78; Mikeska v. Blum, 63 Texas, 44; Rutherford v. Stamper, 60 Texas, 447.)

It follows from what we have said, that the right of those who were interested in DeCordova's estate to set aside the sale for fraud, if fraud existed, was not available to defendant as a defense to this action.

The court did not err in sustaining exceptions to defendant's answer. The answer alleged that the court had no power to order the sale of the land, but stated no fact showing the want of power or jurisdiction in the premises. Besides, appellants had the privilege of making any valid objections to the proceedings of the county court upon the introduction of the evidence, and this privilege appears to have been freely exercised. Hence he was not prejudiced, even if the ruling upon the exceptions to the answer had been erroneous. Being, so far as the record discloses,

without any equity in, or title to the land, his payment of taxes upon it gave him no right of reimbursement from the owners. Hence the court did not err in striking out so much of the answer as alleged a payment of the taxes by defendant, and asked judgment against plaintiffs therefor.

The postponement of the trial after the case had been regularly reached until a later day in the term, like the granting of a continuance was a matter within the discretion of the court, and can not be made a ground for reversal upon appeal.

Although there was no written agreement by counsel, in regard to the notice of the filing of deeds, which the court could enforce, yet, if plaintiff's counsel had been misled by a verbal agreement, or what he understood to be such, it was proper for the court not to permit plaintiffs to be prejudiced thereby, but to allow further time for giving the notice. (Williams v. Huling, 43 Texas, 113.) This did not operate to the injury of defendant, and gave him no right to demand a continuance when the cause was called a second time.

The court did not err in permitting plaintiff to introduce in evidence the replevy bond given by defendants. The original defendants, R. B. Capt and Augerstein, disclaimed title by an amended answer. It was proper, therefore, for plaintiff, in order to recover his costs, to show that, at the time of beginning the suit they were setting up a claim to the possession. We think their replevy bond was competent for this purpose.

What we have just said is sufficient also to dispose of the tenth assignment of error, which complains that the court erred in adjudging costs against defendants, R. B. Capt and Augerstein. In their answer they alleged that they were in possession as lessees and tenants of F. W. Capt, and asked that he be made a party; at the same time that they disclaimed. A disclaimer may relieve a party of all costs subsequently incurred, but it does not relieve him of costs previously incurred if he be in possession or set up claim when the suit is brought. The court would have probably adjudged against them only the costs which had been incurred before the disclaimer, if this had been called to its attention by motion. But this having not been done in the lower court, the judgment in that particular will be here reformed and affirmed at appellants' costs.

*Affirmed.*