## BEXAR COUNTY v. JOHN G. VOGHT.

### Application No. 1621.—Decided November 29, 1897.

**1. Disclaimer—Costs.**

Where a defendant in trespass to try title disclaims as to a part only of the land sued for and subsequently by amendment disclaims as to a part of that claimed by his first answer, the plaintiff, though failing on the trial to recover the part thus left in controversy, is entitled to recover his costs incurred up to the time of filing the latter and more extensive disclaimer. (P. 286.)

**2. Same—Partial Recovery.**

See opinion for a general discussion of Rev. Stats., arts. 5254, 5270, 1425 and of the rule as to costs in cases of partial recovery and of disclaimer in trespass to try title. (Pp. 285-287.)

APPLICATION for writ of error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

*Otto Steffel*, for applicant, cited: Rev. Stats., art. 1425; Herring v. Swain, 84 Texas, 523; Eddie v. Tinnin, 26 S. W. Rep., 732; and criticised Keyser v. Meusback, 77 Texas, 64.

GAINES, CHIEF JUSTICE.—John G. Voght, against whom the writ of error is sought in this application, brought suit against Bexar County, the appellant, to recover a tract of land. The defendant county in an amended answer disclaimed title as to all the land sued for except three roads, each of which it claimed to be a public highway. It subsequently again amended its answer, enlarging its disclaimer and restricting its defense to an easement over one of the roads. Upon the trial judgment was rendered for the defendant county for the road claimed by it in its last amendment and for all costs of suit. Upon appeal the Court of Civil Appeals reformed the judgment so as to tax against the county all costs which accrued up to the time of filing the second disclaimer.

The sole ground upon which the applicant prays for a writ of error is that the Court of Civil Appeals erred in reforming the judgment as to the costs. We are of opinion that that court did not err in its ruling, and would have deemed it unnecessary to express in writing our views upon the question but for the fact that it seems, from their opinion, that they had difficulty in following the decision of this court in the case of Keyser v. Meusback, 77 Texas, 64.

It is a well established rule in this court, that a defendant in an

action of trespass to try title, who does not desire to contest the title of the plaintiff, may absolve himself from the payment of costs by entering a disclaimer as to the land for which suit is brought, provided the plaintiff sees fit to prosecute the matter no further and accepts the disclaimer. The plaintiff may however recover his costs by establishing, that the defendant had trespassed upon the land, or probably that he had asserted an adverse claim thereto. See Rev. Stats., art. 5254. But our statutes provide, that: "Where the defendant claims the whole premises, and the plaintiff shows himself entitled to recover part, the plaintiff shall recover such part and costs." Rev. Stats., art. 5270. The statutes are silent as to the case where there is a disclaimer as to a part only of the land sued for, and the plaintiff recovers a part of that which the defendant claims. But the article quoted is in consonance with the general rule which provides that: "The successful party to a suit shall recover of his adversary all the costs expended or incurred therein, except where it is or may be otherwise provided by law." Rev. Stats., art. 1425. If, where the defendant claims title to the whole of the premises in controversy and the plaintiff recovers only a part, the latter is allowed his costs, we do not see why the same result should not follow when the defendant claims only a part and the plaintiff recovers a part of that which is so claimed. If there is a full disclaimer, there is no controversy; if a partial one, the controversy is narrowed down to the part claimed by the defendant. Where the plaintiff recovers a part of that which is in controversy, whether it be the whole or a part of the premises sued for and whether it be by reason of a subsequent disclaimer or upon the trial, he is the successful party. When a disclaimer as to a part is filed in the first instance, the costs which have accrued up to that time are as a general rule the same that would have accrued had the suit been brought for the part only which the defendant claims, and hence the general rule should apply, namely, that the plaintiff if successful in part shall recover his costs. A defendant after pleading title in himself cannot absolve himself from liability for the costs of the suit by subsequently disclaiming. Capt v. Stubbs, 68 Texas, 222. If this be the rule where the defendant has asserted title to the whole in the first instance, why should it not apply when he first claims a part and subsequently disclaims as to that part, or to a part of that part?

Viewing this case in the light of the principles announced, let us ask the question: If the plaintiff upon the filing of the second disclaimer had taken judgment thereon and had declined to prosecute his suit as to the road finally claimed by the county, in whose favor should the costs have been adjudged? Clearly he would have been entitled to recover his costs. Having continued to prosecute his suit and having failed to recover the road claimed in its last answer by the defendant, his position was no worse as to the costs incurred before that answer was filed. By reason of the last disclaimer he was the successful party as to a part of the land to which the defendant in the inception of its defense had

set up title. He rightfully prosecuted his suit to the time of the second disclaimer, and he was entitled to his costs previously incurred. He failed in the subsequent prosecution, and was justly chargeable with the costs which thereafter accrued.

The writ of error is accordingly refused.

*Writ of error refused.*