MOSES BARNES ET AL. V. B. C. LIGHTFOOT.

Decided April 3, 1901.

1.—Trespass to Try Title—Disclaimer—Costs.

Where defendants in trespass to try title, more than two years after the filing of the suit, entered a disclaimer as to part of the land sued for, they were liable for all costs up to the time of filing the disclaimer, although the judgment was in their favor for the part as to which they had not disclaimed.

2.—Warranty of Title—Quantity—Pleadings.

An action for a deficit in the quantity of land conveyed by a deed can not be maintained on the covenant of warranty of title, and a recovery for such deficit can not be had on a naked allegation of warranty of title. Where the vendee's claim is not that there is a deficiency in the quantity of land described in the deed, but that, by reason of the land so described being in conflict with land held by a superior adverse title, part of the land conveyed is lost to him, the facts should be alleged entitling him to relief in that character of case.

Appeal from Johnson. Tried below before Hon. J. M. Hall.

*Henry, Brown & Patton* and *J. M. Moore,* for appellants.

*P. B. Ward* and *S. C. Paddleford,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee instituted an action of trespass to try title against T. H. Oliver, W. J. Williams, and S. L. Fowler to recover two tracts of land containing 174 acres in the aggregate, and by an amended petition vouched in his immediate vendors, J. C. Lecompte and L. H. Lecompte, his wife, and B. B. Ray and wife, and Moses Barnes, the vendors of Lecompte, and all of whom had made warranty deeds to the land. Oliver, Williams, and Fowler disclaimed as to all the land except a narrow strip 1320 varas long containing 16 acres more or less, lying between their land and that of appellee, and pleaded three, five, and ten years limitations. A trial by jury resulted in a verdict and judgment in favor of Oliver, Williams, and Fowler for the strip of land claimed by them, and in favor of appellee against Lecompte and Barnes for $477, and against Ray for $212, and that Lecompte recover of Barnes $477, and of Ray $212, and that Ray recover of Barnes $212. The appeal was perfected by J. C. Lecompte and Moses Barnes.

The trial developed a contest over a boundary line between appellee and Oliver, Williams, and Fowler, and the court instructed a verdict for those defendants on the issue of boundary. We will dispose of the cross-assignment of appellee complaining of the instruction by saying

that the line claimed by Oliver, Williams, and Fowler was shown to have been the one laid out by the surveyor when the original tract was being subdivided, and had been acquiesced in and agreed to by the owners of both tracts, and had been held adversely by the defendants last named, so as to cover fully all the requirements of the statute for a period of more than fifteen years. There was no conflict in the testimony on the subject of boundary, and the court properly instructed a verdict against appellee on that issue.

The second cross-assignment of appellee raises a question as to the costs, all of which, as between appellee and the original defendants, were assessed against appellee. This suit was filed on July 3, 1897, and no disclaimer was entered by the defendants until December 13, 1899. Under decisions of the Supreme Court this would render Oliver, Williams, and Fowler liable for all costs up to the time of filing the disclaimer. Keyser v. Meusbach, 77 Texas, 69; Bexar County v. Voight, 91 Texas, 286.

The proof established a sale of a certain number of acres of land at a certain price per acre, and under proper pleadings the judgment against appellant would be sustained, but there are no pleadings upon which the verdict and judgment can be based. Appellee vouched in his vendors, immediate and remote, on a warranty of title alone, and there is no allegation of fraud or mistake, or that the vendors had warranted the quantity of land as well as the title.

In the case of Daughtrey v. Knolle, 44 Texas, 450, where warrantors had been vouched in, it was said: "This action can not be regarded as an appeal to the equitable power of the court to grant relief for fraud, misrepresentation, or mistake, as to the quantity of land conveyed by the deed. Though appellee alleges that appellant, in selling said land and making the deed, 'either fraudulently or by mistake represented and warranted said tract of land to contain the quantity of 498 acres, evidently there are no facts or circumstances set forth to show the alleged fraud or mistake entitling him to equitable relief. Obviously appellee supposed that the general covenant of warranty authorizes an action for a pro rata part of the purchase money, if there is a deficit in the quantity of land mentioned in the deed." In the case of Bellamy v. McCarthy, 75 Texas, 293, the suit was for purchase money, and the defense was that at the time of the purchase of the land plaintiff represented to defendant that the tract contained 170 acres; that defendant was ignorant of the quantity and relied on plaintiff's representations, and purchased it believing that it contained 170 acres, whereas in fact it only contained 123 acres. It was said by the court: "As the deed shows a sale in gross, and not by the acre, if the defendant desires to bring his case within the rules that grant relief in such cases on account of fraud or mistake, he may do so, but then the quantity conveyed by the deed must be determined by the calls in the deed, unaffected by the question whether the land described conflicts with a better title. If, on the other hand, the defense desired to be made is not

that there is a deficiency in the quantity of land described in the deed, but that, by reason of the land so described being in conflict with land held up by a better title, part of the land conveyed is lost to the defendant, the facts should be alleged and proved entitling defendant to relief in that character of case."

The last state of facts mentioned by the court fits the case now before this court. The field notes in Lecompte's deed to appellee include 174 acres of ground, but about 17 acres of the land included within the field notes are held by a title superior to that of Lecompte. In order to recover for the deficit appellee merely alleged the execution of a deed warranting the title to 174 acres of land. It is not alleged in the petition that there was any warranty of quantity, and an inspection of the deed fails to disclose on its face a sale by the acre, and no facts are pleaded giving a right to relief. All the authorities hold that an action for a deficit can not be maintained on the covenant of warranty of title, and a party can not, therefore, recover from his warrantor for a deficit in quantity on a naked allegation of warranty of title. Smith v. Fly, 24 Texas, 345; Weir v. McGee, 25 Texas Supp., 20; Daughtrey v. Knolle, 44 Texas, 450.

The judgment 'as between B. C. Lightfoot and Oliver, Williams, and Fowler will be reformed so as to assess the costs incurred in the District Court prior to the disclaimer against the latter, and as reformed will be affirmed, and the judgment as between Ray, Barnes, and Lecompte and appellee Lightfoot will be reversed and the cause remanded.

*Reformed and affirmed in part.*
*Reversed and remanded in part.*

Application for writ of error dismissed for want of jurisdiction.