## H. L. HALL v. UNKNOWN HEIRS OF JOSEPH REESE.

Decided June 6, 1901.

**Costs—Correction After Judgment on Appeal.**

Plaintiff having been allowed to withdraw his announcement of ready for trial and to have a continuance of the case, was by order of the court taxed with all costs up to that time, and to this order no exception was taken. After trial of the case and on appeal by plaintiff judgment was rendered in his favor by the appellate court, and that he recover all costs both in the court below and on appeal, but the order taxing him with the costs prior to the continuance was not considered on appeal. Held, that plaintiff remained liable for such costs, and that a motion by defendants in the trial court, after mandate filed there, was the proper remedy to prevent the clerk from taxing them with the entire bill of costs.

Appeal from Grayson. Tried below before Hon. Rice Maxey.

*Wolfe, Hare & Semple,* for appellant.

*W. D. Gordon* and *A. L. Beaty,* for appellees.

GARRETT, CHIEF JUSTICE.—The appellant, who was in possession of a tract of land, brought suit in the District Court of Grayson County against the unknown heirs of Joseph Reese to remover cloud from his title. When the cause came up for trial, and both parties had announced ready and the trial had been commenced, the appellant, surprised at a ruling of the court, asked lease to withdraw his announcement of ready for trial and to continue the cause. Leave was granted, and the cause was continued, but all costs that had accrued in the cause up to that date were taxed against the appellant, amounting to $183.45. At a subsequent term of the court the cause was tried, and the appellant recovered only a portion of the land. Not being satisfied with the judgment, he appealed from it, and the Court of Civil Appeals for the Fifth District reversed the judgment of the District Court and rendered judgment in favor of the appellant for the recovery of the land and that he be quieted in his title, and "recover of appellees all costs by him in this behalf expended, both in the court below and this court, for which execution may issue." 58 S. W. Rep., 974. No exception was taken by the appellant to the order of the District Court taxing him with the costs up to the time of his withdrawal of his announcement of ready and the continuance of the cause, and no error was assigned upon it in the Court of Civil Appeals, and the question was not considered by that court. After the mandate of the Court of Civil Appeals had been filed in the court below, and the clerk of that court was about to issue an execution against the defendants for the entire bill of costs, amounting to $459.68, they filed a motion in the original cause showing the fact that $183.45 of said costs had been adjudged against the plaintiff by the District Court, and asked "that Hall, the plaintiff; Arnold, the clerk, and Shrewsbury, the sheriff, be cited to answer, and on final hear-

ing that the court enjoin any and all execution for costs in said cause for said sum of $183.45 taxes against plaintiff as aforesaid, and that said sum be taxed against said Hall according to said judgment of May 31, 1897; and that the clerk be ordered not to issue execution against these defendants for said sum; and for all costs of this proceeding and such other relief as this motion may merit." This motion was styled as in the original case, was not sworn to, and was not treated by the court as a bill for an injunction, no fiat being indorsed thereon. No injunction bond was given. Upon hearing the motion was granted.

We are of the opinion that a motion in the original cause was the proper remedy. This case is easily to be distinguished from Hedgecoxe v. Conner (Texas Civ. App.), 43 Southwestern Reporter, 322, for in that case the court was asked to adjudge the costs against a different party after the term of the court had expired. It was asked to change its judgment. In the present case the court had, as a condition upon which the plaintiff was permitted to withdraw his announcement of ready and have the case continued, required him to pay all the costs that had accrued up to that time. The costs already accrued became res adjudicata by the order of the court, and the cause proceeded after that time as though it was a new cause with respect to the costs. Randall v. Collins, 52 Texas, 435. The judgment of the Court of Civil Appeals did not require the appellees to pay the costs which had been adjudged against the appellant by an interlocutory order not excepted to and not considered on appeal (Brown v. Thompson [Texas Civil Appeals], 31 Southwestern Reporter, 1087); and, we may add, adjudged against him as a condition precedent to his obtaining a continuance of the cause. The motion does not seek to set aside the judgment of the Court of Civil Appeals, or to change it in any respect, but only to prevent the taxing of the costs before adjudged against the plaintiff against the defendants. It required a construction only of that judgment, and was not an attack upon it. The judgment of the court below will be affirmed.

*Affirmed.*