SHARP et al. v. HALL et al.

No. 8903.

Court of Civil Appeals of Texas. San Antonio.

April 6, 1932.

Rehearing Denied May 11, 1932.

524

Carl & Leslie, of Edinburg, for appellants.

A. G. Haigh and H. H. Dunn, both of Edinburg, for appellees.

COBBS, J.

The statement of the case as made by appellees is adopted:

"The appellee Dewey Hall brought suit No. 8430 in the Ninety-Third district court of Hidalgo county to recover 'for services rendered under a certain contract with the Planters' Gin Company and H. R. Sharp, defendants therein and in which other defendants were joined because of their secondary liability as officers and stockholders of the defendant Planters' Gin Company. Among other defendants, M. L. Paden, here in question, was sued as either a stockholder or a director of the corporation which had become defunct. Issue was joined in the action, and the defendant M. L. Paden by a separate sworn answer denied absolutely that he was an officer, director, or stockholder of the Planters' Gin Company and hence not liable in any manner in the action, and asking that it be dismissed as to him. This cause was tried to the court and jury on the 15th day of September, 1931, at Edinburg, Tex. The plaintiff therein called the defendant H. R. Sharp, president of the Planters' Gin Company, for cross-examination under the statute, and the testimony of Sharp established the answer of the defendant M. L. Paden that he was not in any manner connected with the Planters' Gin Company and not liable in the action. At the close of the testimony which conclusively showed that Paden was not liable, the attorneys for the plaintiff, before the jury retired, moved the court to dismiss the action as to Paden, but, at that time, no docket entry was made of that fact.

"The case was submitted on special issues to the jury and their answers to the issues were in favor of the plaintiff Dewey Hall in that action. A motion for a new trial was made, and, for various reasons not here materially important, the motion for new trial was not argued until October 31, 1931, being the last day of the September term. On that day a formal typewritten order of dismissal as to M. L. Paden was prepared and filed with the clerk of the court by one of the attorneys for the plaintiff therein, but, through some oversight, was not in fact signed by the presiding judge.

"However, this motion to dismiss as to M. L. Paden was duly entered on the trial docket of the court as of date September 15, 1931. This docket entry shows a motion by plaintiff to dismiss as to M. L. Paden, and the trial court in its own handwriting made the entry, 'Motion allowed.'

"Thereafter, judgment was entered in said action in favor of the plaintiff and against all of the defendants except M. L. Paden, who was not mentioned in the judgment for the reason that the court had dismissed the action as to him on motion of the plaintiff, and hence Paden was not a party to the suit and had no interest or concern therein at the time of the entry of the judgment.

"It appears from the testimony that the defendant M. L. Paden had been assured that, if his answer was true and he was not connected with the Planters' Gin Company, in fairness and justice he was to be dismissed, and it was to carry out an understanding to that effect and keep faith with the said Paden that made the attorneys for the plaintiff Hall anxious and determined that the action be so dismissed as to Paden.

"In short, before the judgment was entered, there was a motion duly made and entered on the docket of the trial court by the plaintiff to dismiss the action as to M. L. Paden. The court by proper entry in the docket allowed the motion to dismiss.

"The present action, being cause No. 8960 in the Ninety-Third district court, was tried to the court on January 27, 1932, on the merits, and the proof consisted in the main of documentary evidence and short verbal testimony. On the evidence the court granted judgment for the defendant Hall in this action, but no separate findings of fact or conclusions of law were requested or made by the trial court.

"It is the contention of the appellee that there is no merit in this appeal; that the record is conclusive that Paden was duly dismissed, and, Paden not being party to the suit at the time judgment was entered, such judgment is in all things final and regular as to all parties to the action at the time it was rendered."

It seems that prior to the entry of the judgment in suit No. 8430, M. L. Paden had been dismissed from the suit and hence could not be a party to the suit, and as to him, and in respect to all the parties, it was a final judgment. It appears that the plaintiff Dewey Hall duly moved the dismissal of M. L. Paden from the suit, which motion was duly entered on the docket of the trial court. The effect of all this was to take Paden out of the case. 18 C. J. 1142, § 50, p. 1166; San Antonio & A. P. Ry. Co. v. Mohl (Tex. Civ. App.) 37 S. W. 22; St. Louis S. W. Ry. Co. v. Texas Packing Co. (Tex. Civ. App.) 253 S. W. 864; J. G. Smith Grain Co. v. Payne (Tex. Civ. App.) 290 S. W. 841; McManus et al. v. Cash & Luckel, 101 Tex. 261, 108 S. W. 800; Adams v. Gillis (Tex. Civ. App.) 277 S. W. 724; Aetna Insurance Co. v. Dancer (Tex. Com. App.) 215 S. W. 962; Sexton Rice & Irrigation Co. v. Sexton, 48 Tex. Civ. App. 190, 106 S. W. 728; Freeman on Judgments, § 17; Black on Judgments, vol. 1, § 27; Conner v. McAfee (Tex. Civ. App.) 214 S. W. 646; Dunn et al. v. Taylor et al., 42 Tex. Civ. App. 241, 94 S. W. 347; Buchannan et al. v. Gribble (Tex. Civ. App.) 216 S. W. 899; 18 C. J. § 59, p. 1170; Watts v. Overstreet, 78 Tex. 571, 14 S. W. 704; 18 C. J. § 143, p. 1207; Harrison v. McMurray, 71 Tex. 122, 8 S. W. 612; McManus v. Cash (Tex. Civ. App.) 108 S. W. 798; R. S. 1925, art. 2182; Anderson's Law Dictionary, p. 712; R. S. 1925, art. 2090; Vol. 15, Tex. Jur. § 2, p. 235; § 3, pp. 236, 237; § 15, pp. 252, 253, 254; § 16, pp. 255, 256; Butner et al. v. Norwood (Tex. Civ. App.) 81 S. W. 78; Miller et al. v. Sullivan et al., 89 Tex. 480, 35 S. W. 362; Alexander v. Wakefield (Tex. Civ. App.) 69 S. W. 77.

To dismiss a party from the suit, while a formal matter by the plaintiff, is still an inherent right subject to certain exceptions, such as in cases where the party has pleaded over with a pleading in the nature of a cross-action. There the right of dismissal is lost. The question of the disposition of a defendant by a judgment cannot be raised in a collateral attack, and certain defendants may be disposed of by dismissal prior to judgment, and it is not necessary that they be disposed of by recitals in the judgment. Buchannan v. Gribble (Tex. Civ. App.) 216 S. W. 899.

[5] If for no other reason, this suit should be turned down as being a collateral attack on the judgment.

In 34 C. J. p. 520, § 827, the author says: "A direct attack on a judgment is an attempt to void or correct it in some manner provided by law, and, in a proceeding instituted for that very purpose, in the same action and in the same court, * * *. A collateral attack is an attempt to impeach the judgment by matters dehors the record in an action other than that in which it was rendered."

To the same effect, see Black on Judgments, vol. 1, §§ 252, 253; also, § 365, same volume; High on Injunctions (4th Ed.) vol. 1, §§ 225 to 231; Cariker v. Dill (Tex. Civ. App.) 140 S. W. 843, 845, where it is said: "As in the McCamant Case [70 Tex. 743, 8 S. W. 543], supra, the judgment, though erroneous, was conclusive until set aside in a proper proceeding. Injunction to restrain the collection of the judgment is not such a proceeding."

Not only under the common law, but under statutory authority, the appellants here had a complete, adequate remedy at law by motion to set aside the judgment. See article 2232, R. S. 1925.

Judge Van Fleet, in his work on Collateral Attacks, page 3, says: "It is the duty of the courts to set their faces against all collateral assaults on judicial proceedings for two reasons, namely: 1. Not one case in a hundred has any merits in it. 2. The second reason why the courts should reduce the chances for a successful collateral attack to the lowest minimum is that they bring the courts themselves into disrepute."

We find no merit in appellants' contentions, and therefore overrule the same and affirm the judgment.