## BRIDGES et ux. v. CONTINENTAL SOUTHLAND SAVINGS & LOAN ASS'N.

### No. 4469.

Court of Civil Appeals of Texas. Amarillo.
Sept. 30, 1935.

Rehearing Denied Oct. 21, 1935.

F. A. Cooper, of Amarillo, for appellants.

R. A. Wilson, of Amarillo, for appellee.

HALL, Chief Justice.

The loan association instituted this suit in trespass to try title to recover lot No. 16 of the H. H. Wallace subdivision of block No. 222 of the Plemons addition to the city of Amarillo, in Potter county, Tex. R. H. Bridges and wife, Nancy Bridges, were made defendants, and W. L. Bridges was joined as a defendant upon allegation that he was claiming some right, title, or interest in and to the premises involved in the suit. Plaintiff failed to get service upon W. L. Bridges, and he was dismissed from the case without prejudice.

Upon a trial to the court, without a jury, judgment was rendered in favor of the loan association, from which this appeal is prosecuted.

It was stipulated that R. H. Bridges and wife, Nancy Bridges, constituted the common source of title. As evidence of title, the plaintiff introduced a promissory note executed by R. H. Bridges and wife, Nancy Bridges, to plaintiff, dated February 17, 1928, in the principal sum of $2,453.53, payable when twenty-five shares of the capital stock of said association should reach a value equivalent to the amount of the loan; also a deed of trust from R. H. Bridges and wife to Ralph Beaton, trustee, conveying the above-described property to secure the payment of said note. The deed of trust contained the usual power of sale. Plaintiff next introduced a certified copy of the amended charter of the loan association from the secretary of state's office; also a trustee's deed from Beaton, as trustee, to the loan association, dated September 6, 1932, reciting the sale and conveying the property to plaintiff; next a warranty deed from defendants, R. H. Bridges and wife, Nancy Bridges, to plaintiff was introduced, dated September 5, 1932, and conveying to plaintiff the property described in plaintiff's petition. The deed from R. H. Bridges and wife, conveying the property to the loan association in fee simple, antedates the filing of the suit.

The only defense sought to be asserted by defendants was an executory contract of sale whereby the loan association agreed, upon certain conditions precedent, to sell the property to W. L. Bridges for a consideration expressed in the contract. It is conceded that the contract of sale is executory, and contains these recitals: "It is agreed and understood that purchaser has until February 1, 1934 to consummate the purchase of this property in accordance with the terms hereinbelow described, it being expressly agreed and understood that if the purchase is not consummated on or before February 1, 1934 that the deposit consisting of the following described stock be forfeited and applied in payment of rents on this property from September 1, 1933 to February 1, 1934, said stock consisting of Metropolitan Building & Loan Association certificate No. 1829 in the amount of $318.75; Continental Southland Savings & Loan Association certificate No. 2208 for $71.25 and reserve participation in the sum of $75.00. * * * If this contract is not consummated on February 1, 1934, as above provided, the stock above described shall be forfeited as liquidated damages and as the agreed rental value of said premises, and this contract shall become null and void and of no force and effect, and in addition

thereto purchaser agrees to immediately surrender possession of said premises."

The original petition in this case was filed June 28, 1934. No evidence was introduced to show that the executory contract of sale made with W. L. Bridges had ever been consummated.

Defendants also offered in evidence a writing executed by the assistant cashier of plaintiff, acknowledging the receipt of certain certificates of stock which are set out in the statement of facts. The stock receipted for is not sufficient to pay the proposed purchase price stipulated in the contract. Defendants offered no evidence connecting themselves with the executory contract of their codefendant, W. L. Bridges.

■ As stated, Bridges and wife had conveyed the land by regular title to the appellee, and, when a defendant has no title to the land in himself, he cannot defeat plaintiff's recovery by showing an outstanding equitable title. Capt et al. v. Stubbs et al., 68 Tex. 222, 4 S. W. 467.

■ Neither can the defendant avail himself of an outstanding equity with which he does not connect himself as against the legal title asserted by plaintiff.

The rule is further established that a defendant cannot set up as a defense an equitable title in a third person who does not himself assert such equity. W. L. Bridges was dismissed from the suit and filed no pleadings. Shields v. Hunt, 45 Tex. 424; Goode v. Jasper, 71 Tex. 48, 51, 9 S. W. 132.

■ Where the defendant relies on an outstanding title in a third person in order to render the defense complete, the burden is upon him to show that such title is a valid one, and the mere fact that some kind of an outstanding title appears is not a good defense. Houston Oil Co. of Texas v. Choate (Tex. Civ. App.) 215 S. W. 118; Holland v. Ferris (Tex. Civ. App.) 107 S. W. 102.

■ If it be admitted that W. L. Bridges still had the equitable right to acquire the legal title, the defendants could not avail themselves of that fact without connecting themselves in some way with such equitable right. Tarlton v. Kirkpatrick, 1 Tex. Civ. App. 107, 21 S. W. 405.

By their second proposition the appellants contend that, because the plaintiff made W. L. Bridges a party defendant, and before the trial dismissed as to him, the court erred in taxing the costs incident to such proceeding against them, and in this connection further contend that, where a husband and wife are made parties defendant in a suit in trespass to try title, it is error to enter judgment for costs against the wife.

■ The first contention must be sustained. It is expressly held that, where the plaintiff dismisses as to one or more defendants who thereupon become entitled to costs as against the plaintiff, the other defendant may not be held liable for such costs, notwithstanding judgment in favor of plaintiff. Munger v. Hancock (Tex. Civ. App.) 271 S. W. 228; Fort Worth & D. C. R. Co. v. Allen (Tex. Civ. App.) 189 S. W. 765.

■ There has been some conflict in the decisions with reference to the liability of a married woman for costs in the event of a judgment against her, but, as stated in 23 Tex. Jur. 366, later decisions appear to recognize the rule that, where the wife is unsuccessful in any contested proceeding, she is liable for the costs. Morton v. Calvin (Tex. Civ. App.) 164 S. W. 420 (writ refused); Thompson v. Morrow (Tex. Civ. App.) 147 S. W. 706; Collins v. Bryan, 40 Tex. Civ. App. 88, 88 S. W. 432.

The error of the trial court in taxing the costs does not require us to remand the judgment. Upon the controlling issue the judgment is correct and is affirmed, and the clerk of this court is instructed to retax the costs in accordance with this opinion.