## SORSBY et al. v. RUSS.

### No. 11075.

Court of Civil Appeals of Texas. Galveston.
Jan. 30, 1941.

Rehearing Denied Feb. 20, 1941.

Wm. H. Betts, of Hempstead, for appellants.

Marvin Sprain, of Bellville, Richard Spinn, of Brenham, and C. D. Duncan and J. Lee Dittert, both of Bellville, for appellee.

GRAVES, Justice.

This appeal by E. D. Sorsby and H. D. Schwarz, who were the sureties of Mabel Guthrie Russ upon a certiorari bond, whereby she sought in the district court of Austin County to have reviewed an order of the probate court of such county refusing to probate the will of Kinch Russ, deceased, is from only so much of the district court's judgment on that appeal (after it had likewise refused the probate of such will) as further taxed the costs of such proceeding

against their principal on such bond, Mabel Guthrie Russ, and themselves, as accrued subsequent to her resignation as the nominated independent executrix in that will.

The same court that rendered this appealed-from judgment on January 9 of 1940, had theretofore, on September 26 of 1939, accepted the resignation of Mabel Guthrie Russ as such executrix and decreed that "The said Mabel Guthrie Russ is hereby dismissed and discharged as and from being a party to the above entitled and numbered cause."

In view of such dismissal of their principal at that time as a party to the proceedings, appellants contend that this part of the court's judgment notwithstanding, providing that all costs therein adjudged against Mabel Guthrie Russ be "likewise adjudged against H. D. Schwarz and E. D. Sorsby, as Sureties, * * * but as to said Sureties, there shall be no recovery of costs beyond the penal sum of said Bond, and they are herein adjudged to pay whatever costs that may have incurred incident to such Bond in said Cause No. 7315 and as consolidated with Cause No. 7299, after its consolidation", was improper and beyond the court's power; they present in this court these among other assignments of error against the court's action:

"No. 1. After the making and filing by Mabel Guthrie Russ of her resignation of the nomination as independent Executrix, she was in no wise a party to the consolidated Cause No. 7299-7315 in the District Court of Austin County, Texas.

"No. 2. After the judgment and decree of the District Court, made and entered on September 26, 1939, dismissing and discharging Mabel Guthrie Russ 'from being a party to' Consolidated Cause No. 7299-7315, the District Court of Austin County, Texas, was without jurisdiction to enter any affirmative judgment against her, individually and/or in a representative capacity.

"No. 3. Mabel Guthrie Russ having been nominated Independent Executrix of and in the instrument dated October 31, 1938, and offered for probate as the Last Will and Testament of Kinch Russ, deceased, it was her legal duty to offer the same for probate, and in the absence of a finding by the court that she was guilty of fraud or undue influence in the procurement of such Will, all costs incurred in such proceeding should be taxed against the Estate of Kinch Russ, deceased.

"No. 4. By reason of the judgment and decree of the District Court of Austin County, Texas, dismissing and discharging Mabel Guthrie Russ from and as a party to Consolidated cause No. 7299-7315, rendered September 26, 1939, the said Mabel Guthrie Russ was dismissed from said Cause, with her costs.

"No. 5. By reason of the resignation and disclaimer filed by Mabel Guthrie Russ on September 26, 1939, and the judgment of the Court accepting the same and dismissing her as a party to said Consolidated Cause No. 7299-7315, the said Mabel Guthrie Russ was liable for no costs in said cause thereafter incurred.

"No. 6. The liability of Appellants for costs are co-extensive with the liability of the Principal, Mabel G. Russ; subject, however, to the limitation of the amount of the bond.

"No. 7. There being no judgment rendered by the District Court of Austin County, Texas, at the July Term, 1939, of said Court and at which the said Mabel G. Russ was discharged and dismissed as a party to said Cause No. 7299-7315, said Court was without jurisdiction or authority to enter a judgment against Mabel G. Russ for costs at the January Term, 1940."

These positions are supported, seriatim, under the same numbers, by citation of these authorities:

(1) Article 2182, R.C.S.; 15 Tex.Jur., 265, Section 24; 41 Tex.Jur., 574, Section 94; 18 Corpus Juris, 1170; 9 R.C.L., 199, Section 13.

(2) 18 C.J., 1171, Section 63; 41 Tex. Jur., 594, Section 94; 15 Tex.Jur. 265, Section 24; Watts v. Overstreet, 78 Tex. 571, 14 S.W. 704; McKibban v. Scott, 131 Tex. 182, 114 S.W.2d 213, 115 A.L.R. 1421; Sharp v. Hall, Tex.Civ.App., 49 S.W.2d 523, 525; Rankin v. Rankin, Tex.Civ.App., 134 S.W. 392; Bridges v. Continental Southland Savings & Loan Association, Tex.Civ.App., 86 S.W.2d 659, 661, error refused; Keyser v. Meuseback, 77 Tex. 64, 13 S.W. 967; Davis v. Wichita State Bank & Trust Co., Tex.Civ.App., 286 S.W. 584, 589.

(4) 41 Tex.Jur. 574, Section 94; 41 Tex.Jur., 578, Section 96; 14 Amer.Jur., 35, Section 38.

(5) 41 Tex.Jur., 574, Section 94; 11 Tex.Jur., 246, Section 12; Capt et al. v. Stubbs et al., 68 Tex. 222, 48 S.W. 467; Vogt v. Bexar County, 91 Tex. 285, 286,

43 S.W. 14; Barnes v. Lightfoot, 26 Tex. Civ.App. 113, 62 S.W. 564; Askey v. Williams, 74 Tex. 294, 11 S.W. 1101, 5 L.R.A. 176.

(6) 11 Tex.Jur., 291, Section 39.

(7) Article 199, Section 22, R.C.S. (as amended), Vernon's Ann.Civ.St. art. 199 subd. 22; 11 Tex.Jur., 306–7, Section 46; Waggoner v. Davis, Tex.Civ.App., 261 S. W. 482, 484; Randall v. Collins, 52 Tex. 435; Hall v. Reese's Heirs, 26 Tex.Civ. App. 395, 64 S.W. 687; Collins v. Hines, Tex.Civ.App., 100 S.W. 359.

■ It is determined that these contentions, to the extent of holding the appellants not liable for the part of the costs they challenge, should be sustained; the stated order of the court, accepting her resignation as the nominated independent executrix of the will of Kinch Russ, was unconditional and unaccompanied by any findings at that time made that would have properly visited upon Mabel Guthrie Russ any further liability than the general law imposes upon one no longer a party to a judicial proceeding; whether or not the costs, up to the time of her discharge as a party, incident to the contest in the district court over the probate of the will, should have been taxed vel non against the estate of Kinch Russ, is not involved, because these appellants only protest against the assessment of subsequent costs against them. Such protest seems to be sound, both upon reason and authority.

■ It is well settled by our authorities that only costs incurred by a party prior to his disclaimer of any further interest in a judicial proceeding may be taxed against him; this would seem to be a not dissimilar situation; in other words, the dismissal of the cause would at least seem to have entailed an acquittance as to all future costs also. It may be conceded, in that connection, that the liability of these appellants for costs was co-existent with that of their principal, Mabel Guthrie Russ, and that they were liable with her for all costs accruing prior to her discharge and dismissal, subject, of course, to the express limitation of the amount stated in the bond; even so, if she was not liable for subsequent costs, by the same token, they were not either.

These conclusions require a reversal and a rendition in appellants' favor of the cause of action for so much of the costs as they herein challenge; it will be so ordered.

Reversed and rendered.

### On Motions for Rehearing.

Both sides to this appeal have filed motions for rehearing, tne appellee seeking an affirmance of the trial court's judgment, the appellants' a·reversal and rendition in their favor "sustaining their propositions to the effect that the District Court of Austin County had no jurisdiction to render the judgment herein appealed from and that the same is void as to appellants' said principal, Mabel Guthrie Russ, and, therefore, invalid as to them; and that this Honorable Court reverse and render such judgment in favor of appellants."

■ Both motions are refused; appellants were parties to this appeal, and prosecuted the same against only so much of the trial court's judgment as adjudged costs against them that accrued subsequent to the resignation and discharge of Mabel Guthrie Russ from the cause below on September 26 of 1939; this court's original judgment herein sustained that contention in their favor; so that, nothing else than such costs as did so accrue subsequent to such discharge of their principal was at all involved herein.

Wherefore, the question the appellee in her motion raises, as to whether or not it was shown that the costs incurred in the cause below equaled the $200 sum by which the bond they were sureties on itself limited their liability, is not here involved.

Furthermore, it does appear from this record that at least some of the costs so adjudged against the appellants below did accrue subsequent to the resignation and discharge of their principal, Mabel Guthrie Russ, on September 26 of 1939.

It follows from this court's judgment that appellants are not liable for such costs, nor can they be held thereon, whatever they may amount to, hence no further order is necessary herein.

Under the conclusion that the cause was rightly decided upon original submission, both motions for rehearing will be refused.

Rehearings refused.