## A. M. KEEN v. JOHN CASEY AND OTHERS.

Where one of several heirs, who were entitled to a land certificate in right of their deceased father, representing that he was the sole heir, employed an agent to procure such certificate, and to locate and obtain a patent on the same, in consideration of which he agreed to give such agent one-third of the land so located : *Held*, by the court, that, others being interested in the certificate, who had not authorized or sanctioned the contract, it was one which such heir had no authority to make.

But that, where, after the agent had obtained the certificate, located and returned it, together with the field notes of the survey, to the General Land Office, for a patent, such heir obtained letters of administration upon his father's estate, and fraudulently withdrew the certificate from the office, and sold it at public sale, by order of the County Court, as the property of the estate ; the purchaser, who had no notice of the contract with the agent, or that the certificate had been located, acquired a good title.

The agent having brought suit against such heir for the certificate, in order that he might procure a patent for the land located by him, and having obtained an injunction, to restrain its being patented upon other land, upon which it had then been located ; the purchaser at the administrator's sale intervened and alleged the facts as to her purchase, (though not under oath,) and pleaded as a part thereof, certified copies from the records of the County Court, of the proceedings in said court ; from which it appeared that the certificate had been regularly sold, and the sale confirmed by order of the court. It was *held*, that the court did not err in dissolving the injunction, when the purchaser intervened and disclosed the circumstances under which she purchased. [After the dissolution of the injunction, the case was continued over, and on the trial, the evidence fully sustaining the allegations of the intervenor, she had a verdict and judgment accordingly.]

APPEAL from Dallas. Tried below before the Hon. Nat. M. Burford.

Suit was brought by appellant, against appellee, John Casey, alleging that said Casey had represented to plaintiff, that he was the only heir of John Casey, deceased, who was entitled to a certificate for six hundred and forty acres of land in Peters's Colony, and agreed, if plaintiff would procure said certificate, and have the same located and patented, that he would give him one-third of the land thus located and patented. The plaintiff alleged that he did procure said certificate, and had located two thirds thereof, on vacant land, worth $1,600 ; and

that he had returned said certificate, and the field notes of the land so located, to the General Land Office, for a patent; that Casey fraudulently caused the said certificate to be raised from said location, and had located it upon other land, and that it was then in the office of the district surveyor of Dallas county, &c.; and prayed that said surveyor might be enjoined from recording the field notes of the last survey, or from returning them to the General Land Office, and the commissioner from patenting it; and that said certificate might be replaced upon the land located by him, or delivered to him for other location; and upon failure to return such certificate to him, that he might have judgment against defendant, Casey, for one-third the value of the land. The petition was sworn to, and the injunction granted.

The only answer filed by the defendant, Casey, was a general demurrer. On the same day that this demurrer was filed, Frances R. Berry, and Lloyd J. Berry, her husband, obtained leave of the court to intervene in the case, and filed their petition, in which they alleged that the defendant, (Casey,) was, on the 26th day of August, 1856, regularly appointed administrator of the estate of John Casey, deceased, and duly qualified as such; that, in accordance with an order of sale made by the County Court, he exposed said certificate to public sale; and that the intervenor, Frances R. Berry, became the purchaser, &c.; all of which appeared by certified copies from the County Court, filed as exhibits, and made a part of the petition of the intervenors. It was further alleged in their petition, that there were others, heirs of said John Casey, deceased, interested in said certificate, besides said John Casey, the administrator; and if said defendant made the contract alleged in the petition, he acted without authority, and in fraud of the rights of the other heirs, and that the same was illegal and void; and prayed that the certificate might be decreed to the intervenor, Frances R. Berry. This petition was not sworn to. On the same day, there was a motion filed by the defendant, to dissolve the injunction, for want of equity.

Upon the call of the case for trial, the plaintiff moved to per-

petuate the injunction, "for want of an answer sworn to, as the "law directs, and because the answer does not respond to all "the material allegations in the petition." The action of the court, upon these several motions, was as follows, to wit :

"Now come the parties aforesaid, by their attorneys, as also "the intervenors, Frances R. Berry and Lloyd J. Berry, by "their attorneys, who having filed their plea of intervention, by "leave of the court—the defendant, Casey, having filed his "answer—the plaintiff, A. M. Keen, moved the court to per- "petuate the injunction herein, for want of answer; which mo- "tion, being considered by the court, is overruled. It is, here- "upon, on motion of Frances R. Berry and Lloyd J. Berry, "intervenors herein, and upon inspection of their said plea by "the court, ordered, that the injunction herein be dissolved, and "that the bill stand over as an original bill, and this cause con- "tinued until the next term of the court, on the affidavit of the "plaintiff."

Upon the trial, the plaintiff proved his contract with Casey, and that he procured the certificate located, and returned it, with the field notes, to the General Land Office, as alleged in his petition; that the defendant, Casey, in May, 1856, wrote to the commissioner, and obtained the certificate, upon the pre- text of settling his accounts, as administrator of the estate of John Casey, deceased ; and after obtaining the certificate, sold it at public sale, at $250 ; that before defendant was appointed administrator, he agreed with one Smith, the agent of Mrs. Berry, to sell him the certificate for $320, but on discovering that it was issued to the heirs of John Casey, deceased, said Smith would not take the certificate, unless he would get out letters of administration, and sell it at public sale; that defen- dant then got the letters, and sold the certificate, as shown by the records from the County Court; that defendant's father, John Casey, died in Dallas county before said certificate was issued ; that unimproved land, in the neighborhood of that located by plaintiff, was worth, on an average, $2 50 per acre, but witness did not know that the land located was an average tract.

The intervenors proved by Smith, that he purchased the said certificate as the agent of Frances R. Berry, at a public sale by the administrator, made at the court house door, by order of the County Court; that neither he, nor said intervenors, had any knowledge previous to the sale, of the contract between plaintiff and defendant, in reference to the location of it, nor did they know that said certificate had been located, or on file in the General Land Office; and that John Casey, deceased, had four other heirs besides the defendant.

The court, among other matters, instructed the jury as follows : "If the jury believe, from the evidence, that Berry and "wife, without notice, became the purchasers of the land certifi- "cate of John Casey, deceased, at an administrator's sale, then "they would not be affected by any contract of sale or location, "made by one of Casey's heirs, of which contract Berry and "wife, nor their agent, Smith, had any notice." To this, the plaintiff excepted, &c.

There was a verdict and judgment for the intervenor, for the certificate, and for plaintiff against the defendant, for the sum of $106 66⅔. A motion, by plaintiff, for a new trial; which being overruled, he gave notice of an appeal, and assigned, among other errors: 1st. That the court erred in its charge: 2d. That the verdict was contrary to the law and evidence: 3d. In dissolving the injunction.

*George W. Guess,* for appellant. The third assignment of error is, "the court erred in dissolving the injunction in this cause." For authorities to sustain this position, the court is referred to the brief of appellant's counsel, filed at the last term of this court, on a writ of error presented on the dissolution of the injunction. These authorities, taken in connection with the pleadings, are decisive on this point. (Bromley v. Cook, 13 Tex. Rep. 486, and authorities cited; Hart. Dig., Art. 1595; Charlton v. Ragnet, 6 Tex. Rep. 529; Cameron v. White, 3 Tex. Rep. 152; Jeremy's Eq. Jur. 307.)

But we will again call the attention of the court to the plead-

ings.  The judgment shows that Berry and wife filed their plea of intervenor, and the defendant, Casey, his answer.  The plaintiff moved the court to perpetuate the injunction, for want of an answer  properly sworn to, &c., which was overruled, and then, upon motion of Berry and wife, the injunction was dissolved.

By inspection of the *motion*, the court will find that it is impossible to tell by whom it was filed, whether by Berry and wife, or by Casey, or by all of them; but the language of it would lead us to believe that it was filed only for Casey.

In our brief, filed at the last term of this court, we insisted that, as none of the parties had put in any papers or pleas, that were sworn to, the court was bound to perpetuate the injunction, unless the same was improperly granted; which, without an answer sworn to, was to be determined from the face of the petition.  This was all that could be reached by the motion and answer; and the pretended answer and intervention, should not have been considered, because not sworn to.  Let this suffice for the injunction.  (Cameron v. White, 3 Tex. Rep. 152; and text books, *passim.*)

But the charge of the court, the verdict of the jury, and the refusal of the court to give the charge asked by the plaintiff, were all and every one contrary to the law and the evidence, and the court ought to have granted a new trial.

BELL, J.  We are of opinion, that there is no error in the judgment of the court below.  The contract between the appellant and John Casey, was clearly a contract which Casey had no authority or ability to make.  There were other persons, besides himself, interested in the land certificate, and they had never authorized him to make any contract for the location of it.  The intervenors, Berry and wife, purchased the certificate at administrator's sale, without any notice of the contract between John Casey and Keen.  The land located by virtue of the certificate, was not sold by the Probate Court.  The certificate only was sold, and Berry and wife only purchased the

certificate. There is nothing in the evidence to show that, at the time of the sale, the administrator disclosed the fact, that the certificate had been located, or that the purchasers of the certificate had any notice that it had been located, or that any more than the fair price of an unlocated certificate, was bid by Berry and wife. Under the circumstances of the case, Berry and wife could not be affected by the contract between Casey and Keen. The court, therefore, did not err in dissolving the injunction, when Berry and wife intervened in the suit, and disclosed the circumstances under which they purchased the land certificate. Berry and wife were entitled to the judgment of the court in their favor, for the land certificate; and from the necessity of the case, Keen's only recourse was upon Casey, for the damages sustained by him in consequence of Casey's wrongful acts. The judgment is affirmed.

Judgment affirmed.