IGNACIO GONZALES ET AL. v. GERTRUDES CHARTIER.

(Case No. 1929.)

1. PRACTICE IN DISTRICT COURT — AMENDED PLEADING.— Rule 13 of District Court Rules, relating to the manner of amending a pleading, does not require that the new pleading should state in terms that it is a substitute for a pleading amended, but it is made such substitute by the force of the rule itself. See Rules for District Court, 47 Tex., 618, Rule 13.

2. STATUTE OF FRAUDS.— A contract that the expenses incurred by parties as co-plaintiffs in a suit to recover certain lands were to be refunded when the suit was decided, and the lands recovered in it partitioned among the plaintiffs, is not such an agreement as is required by the statute of frauds to be in writing. Thouvenin v. Lea, 23 Tex., 612.

3. PLEADING — SAME.— Although the contract be one that comes within the statute of frauds, the pleading that declares upon it need not allege the agreement to have been in writing, such being matter of proof and not of demurrer. Citing Cross v. Everts, 28 Tex., 523.

4. PLEADING — BILL OF PARTICULARS.— The object of a bill of particulars being to inform the opposite party of the nature of the claim against him, if the items of averment are set forth with sufficient certainty to attain this object such bill of particulars is sufficient; and especially is this the case when the exception taken to it points out no item which is not stated with sufficient particularity.

APPEAL from Duval. Tried below before the Hon. J. C. Russell.

Action by the appellants against several parties, including the appellee, on the 26th day of June, A. D. 1882, in the nature of a bill to enforce contribution for costs paid and expenses incurred by the appellants in the prosecution of a suit in the district court of Nueces county, for the purpose of establishing the boundaries of and quieting the title to a tract of land known as and called "La Huerta," in which all the parties therein were interested as joint owners.

The action in which these expenses and costs were incurred was an action of "trespass to try title," against parties who had made locations and were alleged to have committed trespass upon this tract of land, and were incurred and paid by the appellants as the agents of the plaintiffs in that action.

During the pendency of this suit all of the defendants herein (except the appellee), it was alleged, had paid their proportionate part of expenses and costs, and the suit as to them was discontinued and remained against the appellee as sole defendant.

Appellee filed many defenses and exceptions, of which the following were sustained by the court below: 1st. Because the amended petition was in violation of rule 13 of the Rules for the District Court, in not sufficiently setting out the character of the amended pleading; 2d, that the contract was within the statute of frauds; and 3d, that the bill of particulars, upon which the action was based, was not sufficiently definite. The appellants declining to amend, the cause was dismissed.

*Pat. O'Docharty*, for appellants.

No briefs on file for appellee.

WILLIE, CHIEF JUSTICE.— Three grounds of special demurrer were sustained below to the amended petition of appellants, and the cause dismissed, no amendment to the petition having been offered.

As to the point made, that the amended petition was in violation of rule 13 prescribed for the government of district courts, it is sufficient to say that the amended petition does point out the instrument it proposes to amend, viz.: the original petition filed June 26, 1882. This rule does not require that the new pleading shall state in terms that it is a substitute for the one amended, but it is made such substitute by force of the rule itself. It is clear from a reading of the present amendment that it was intended to take the place of the original pleading to which it refers, and that it does so effectually by restating fully the cause of action relied on by the plaintiffs below. This exception should not have been sustained.

The contract set forth in the petition did not show that it was one not to be performed within a year. The expenses incurred by the appellants for their co-plaintiffs in the suit for the "La Huerta" lands were to be refunded when that suit was decided, and the land recovered in it partitioned among the plaintiffs. It was not absolutely necessary that these events should not take place within one year; and in such cases it is well settled that the agreement is not required by the statute of frauds to be in writing. Thouvenin *v.* Lea, 26 Tex., 615, and authorities there cited; Thomas *v.* Hammond, 47 Tex., 43. Moreover, although the contract be such as comes within this provision of the statute of frauds, the pleading that declares upon it

Syllabus.

need not allege the agreement to have been in writing; that is matter for proof upon the trial of the cause, and not ground of demurrer to the pleading. Doggett v. Patterson, 18 Tex., 158, 162; Cross v. Everts, 28 Tex., 523.

Upon a close and thorough examination of the bill of particulars attached to the amended petition, we are unable to discover in it the defects for which a special demurrer was sustained. Every item seems to be dated with sufficient certainty, and all appear to be for expenses which naturally arise in the conduct of a lawsuit such as the one brought for the benefit of the appellants and appellee, as it is described in the petition. The special exception taken to the bill of particulars points out no one item which is not stated with sufficient particularity, or which was not sufficient as a basis for the present action, and we see no grounds upon which the exception was sustained.

We are of opinion that the court below erred in sustaining the exceptions to the amended petition, and for this error the judgment will be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 16, 1885.]