No. 5958.

## MARY A. GOODE ET AL. v. A. J. JASPER ET AL.

1. PARTIES married in 1848 acquired a right to a certificate for six hundred and forty acres of land in Mercer's colony. In 1855 they are divorced. Subsequent to the divorce the husband obtained the land certificate, located it and procured patent in his name. He conveyed one-half of the land to a deputy district surveyor. Suit was brought by the heirs of the husband for the unsold half of the survey against defendants, showing no title under the divorced wife, *held*:

(1) After a divorce the husband could only bind his half interest by any new contract, and therefore could not bind the wife's interest by a contract for one-half locative interest.

(2) A sale of one-half interest in the land would convey his entire interest therein, and the purchaser would take his interest, whether made in consideration for services in locating, etc., or for other consideration.

(3) The remaining half, if the sale by metes and bounds made an equitable division, would be the property of the wife, with legal title in the husband or his heirs.

(4) In absence of any connection by the defendants with the equitable title of the wife the plaintiffs were entitled to recover the land sued for.

APPEAL from Hill. Tried below before the Hon. J. M. Hall.

The appellants, who were plaintiffs below, brought an action of trespass to try title, and for damages, against appellees for three hundred and fifteen acres, part of the E. N. Goode six hundred and forty acre survey, in Hill county. The land sued for was described by metes and bounds.

The defendants pleaded not guilty, and specially, that the land was part of the six hundred and forty acre survey, the community property of E. N. Goode and his first wife, Catherine; that E. N. Goode, on July 15, 1861, sold by metes and bounds, to J. R. Grover, three hundred and twenty-five acres of said survey after the divorce of the said E. N. and Catherine; that said sale was made by E. N. Goode as a partition between himself and said Catherine, the said three hundred and twenty-five acres sold to Grover being of equal value with the three hundred and fifteen acres in controversy, wherefore it was claimed; that the title to the land sued for was not in plaintiffs ·who sued as the heirs of E. N. Goode), but in the said Catherine, if living, and if dead, in her heirs, etc.

Judgment was rendered for defendants, and plaintiffs appealed. The opinion sufficiently states the facts upon which it is rendered.

*B. D. Tarleton,* for appellants: If the six hundred and forty · acre E. N. Goode certificate of the land on which it was located was the community property of Goode and his first wife, she or her interest in the same would be chargeable to the extent of that interest, for services in locating the certificate, and thus saving the land to the community, and E. N. Goode, as representative of the community, would be authorized to convey the three hundred and twenty-five acres in payment of this community indebtedness for such locative services, thus leaving three hundred and fifteen acres of which E. N. Goode (or his heirs) and Catherine Goode (or her heirs) would be tenants in common, either one of whom could maintain the suit

against a stranger. (Good v. Combs, 28 Texas, 35; Burleson v. Burleson, 28 Texas, 419; Jones v. Jones, 15 Texas, 143; Croft v. Raines, 10 Texas, 520; Watrous v. McGrew, 16 Texas, 506.)

2. The conveyance by Goode to Grover was an executed contract, its consideration was therefore of no pertinence. (McClenny v. Floyd, 10 Texas, 165, 166; Hunt v. Turner, 9 Texas, 389, 390; Jones v. Huff, 36 Texas, 678; Donley v. Tindall, 32 Texas, 44 et seq.; Jones v. Williams, 41 Texas, 401.)

3. The plaintiffs in any event would be joint tenants with Catherine Good in the land. (Simpson v. Brotherton, 62 Texas, 171; Croft v. Raines, 10 Texas, 520; Marx & Kempner v. Heidenheimer Bros., 63 Texas, 304; 64 Texas, 494.

4. The plaintiffs proved the legal title, the defendants showing no connection with the equitable title of the wife. (Shields v. Hunt, 45 Texas, 428; Burleson v. Burleson, 28 Texas, 419; Simmons v. Blanchard, 46 Texas, 269, 270; Peel v. Wren, 64 Texas, 375; Shields v. Hunt, 45 Texas, 424; Johnson v. Timmons, 50 Texas, 522; Tapp v. Corey, 64 Texas, 596.)

*A. P. McKinnon* and *W. L. Booth,* for appellees: The right to the certificate to six hundred and forty acres of land having accrued to E. N. Goode, by virtue of his settlement in Mercer's colony, as a married man, Catherine Goode being then his wife, made the land, which was afterwards located and patented by virtue of said certificate so acquired, the community property of said E. N. Goode and his wife, Catherine, and notwithstanding the fact that the certificate and patent issued in the name of E. N. Goode, after the dissolution of the marriage by divorce; yet by virtue of said accrued right in the wife, the legal title to one-half of the land vested in Catherine Goode, or her heirs except as to innocent purchasers without notice from E. N. Goode. (Johnson v. Harrison, 48 Texas, 257; Hodge v. Donald, 55 Texas, 344; Wilkinson v. Wilkinson, 20 Texas, 237.)

E. N. Goode, having only a half interest in the land, sold by metes and bonds to J. R. Grover three hundred and twenty-five acres thereof, and this deed will be presumed to have been made for partition, and is sufficient to divest him of all interest in the survey, and supports the findings of the court, and his *vendee,* Grover (and *not his heirs,* these appellants), is joint tenant with the heirs of Catherine Goode. (See statement before made; March v. Huyter, 50 Texas, 243; Robinson v. Mc-

Donald, 11 Texas, 385; Arnold v. Cauble, 49 Texas, 527; Cameron v. Thurmond, 56 Texas, 22; Fitch v. Boyer, 51 Texas, 336.)

COLLARD, JUDGE. E. N. Goode and Catherine, his wife, were married in 1848; they were divorced in 1855, by decree of the district court of Bell county. During their coverture they acquired a right to a certificate for six hundred and forty acres of land, as colonists in Mercer's colony. The certificate was issued in 1856, after the divorce, to E. N. Goode. The decree of divorce had dissolved the marital partnership, so that when he obtained the certificate, one-half of it became his separate property, and the other half the separate property of his divorced wife, Catherine. He then had no right to control community property, dispose of it, or make contracts with reference to it so as to bind her interest therein. Had there been no divorce the certificate would have been community and he would have had full power to dispose of it, and make any contract with reference to it that he could have made if it had been his own individual property. After the dissolution of the partnership by divorce, he could only bind his separate interest of one-half, at least by new contracts. Whatever power he may have had after divorce to pay community debts out of the community estate, he had no power to charge her part of it with new contracts. This being the case he could not make a contract for the location of the certificate for one-half of the land so as to bind her. (Keen v. Casey, 22 Texas, 412; Burris v. Wideman, 6 Id., 231; Stone v. Ellis, 69 Texas, 325.)

If he sold one-half of the land, after it was located, to J. R. Grover, for two hundred and ten dollars, or if he made the deed in consideration of Grover's having located the land by contract with him for one-half of it, he, in either case, if the conveyance was for one-half of the land according to value, conveyed all of his interest. It is thus seen that it is entirely immaterial what the consideration of the deed to Grover was. If the consideration was illegal, that it was for services of Grover, deputy district surveyor, in locating the land, the contract was executed, and the courts would not set aside. It passed the title to all the land equitably owned by Goode, and left the equitable title to the other half in Catherine Goode. He had, however, the legal title to the whole of the six hundred and forty acres. The certificate and the patent issued to him after divorce, from his wife; she had the equitable title to the

unsold half. (Edwards v. Brown and Wife, 68 Texas, 329.) His legal title descended to his heirs, who could upon such title recover the unsold portion of the tract from mere trespassers, who were in no way connected with the equitable title outstanding in Mrs. Catherine Goode. Defendants offered no proof to show that they were holding under her equitable title. They could not use such a title as a defense without connecting themselves with it. (Shields v. Hunt, 45 Texas, 425; Johnson v. Timmons, 50 Texas, 537.)

The court having ruled for defendants that Goode's deed to Grover conveyed all his interest in the survey, and that plaintiffs could not prove that it was executed in consideration of the location of the land by Grover, he being a deputy district surveyor at the time he located the land, virtually decided the case for defendant, and they, for that reason may have felt justified in not producing proof that they held the premises under the equitable title of Catherine Goode.

Under these circumstances we think the cause should be reversed and remanded to give defendants an opportunity to establish the fact of such holding by them, if they can. If they fail to do so, the plaintiff's must recover under the legal title inherited by them from E. N. Goode, as the case is now presented.

The cause is reversed and remanded for a new trial.

*Reversed and remanded.*

Opinion adopted June 5, 1888.

STAYTON,
*Chief Justice.*