## J. W. Richerson et al v. V. A. Moody.

Decided October 27, 1897.

**1. Pleading—Statute of Frauds.**

Demurrer does not lie to a pleading because setting up a contract required by the statute of frauds to be in writing, without alleging it to be a written contract. It is sufficient in pleading to allege the contract, without stating whether it was oral or written.

**2. Same—Harmless Error.**

The overruling of exceptions to certain allegations in a pleading becomes immaterial where no evidence in support of such allegations was offered on the trial.

**3. Innocent Purchaser.**

Where the consideration of a conveyance of land has wholly failed, a purchaser from the vendee, to defeat the vendor's right to cancellation, must show that he bought without notice thereof and paid a valuable consideration.

**4. Same—Trial by Court.**

Upon trial by the court without filing conclusions of fact, a decision adverse to the claim as innocent purchaser will be sustained if such ruling can be justified by insufficiency of proof either as to consideration or as to want of notice.

**5. Same—Consideration—Evidence—Evasion of Interrogatories.**

A finding against the claim of payment of a valuable consideration will be sustained where, though testifying generally to such payment, the party in his depositions repeatedly evades answer to cross-interrogatories as to the particulars of such alleged payment.

**6. Same—Notice—Possession—Inquiry.**

Though the possession of premises by a vendor after the record of a conveyance by him to another is not notice of title in him, yet, where the purchaser receives information putting him upon inquiry, which he declines to pursue, a finding against his claim to be an innocent purchaser will be sustained. See opinion for facts justifying finding of notice upon such ground.

**7. Notice—Deed—Absence of Warranty.**

The fact that a deed, though more than a quitclaim, contains no warranty, is a circumstance to be considered on the issue of the vendee's claim to be an innocent purchaser.

Appeal from Caldwell. Tried below before Hon. H. Teichmueller.

*Nix & Baylor,* for appellant.—On proposition under first and second assignments: Lancaster v. Richardson, 35 S. W. Rep., 749.

On third assignment of error: Eylor v. Eylor, 60 Texas, 315; Smith v. Miller, 63 Texas, 75; Pom. Eq., sec. 617.

*L. J. & A. B. Storey,* for appellee.

Key, Associate Justice.—Appellee sued J. W. Richerson and J. T. Ware to cancel a deed executed by appellee to Richerson, and another deed executed by Richerson and his wife to Ware, and to remove cloud from appellee's title to the land which the deeds purport to convey. Judgment was rendered for the plaintiff; the defendant Ware has appealed, and submits the case in this court on three assignments of error, which read as follows:

"1. The court erred in overruling said defendant's general demurrer to plaintiff's petition.

"2. The court erred in overruling said defendant's special exception to that part of plaintiff's petition alleging an agreement between plaintiff and defendant Richerson to abandon their contract and that said Richerson was to reconvey the land described in plaintiff's petition back to plaintiff, because said agreement was a parol agreement and within the statute of frauds and void, and said exception should have been sustained.

"3. The court erred in rendering judgment that defendant Ware take nothing by his cross-petition and that the plaintiff be quieted in his title and possession of the land described therein; and in cancelling, annulling, and setting aside the deed from plaintiff to defendant J. W. Richerson, and the deed from Richerson and wife to defendant Ware, and in adjudging the costs against the defendants, said judgment being contrary to the law and the evidence in this: The evidence shows that the deed from plaintiff to J. W. Richerson, conveying said land, was a warranty deed and upon sufficient consideration; that the same was properly and legally acknowledged and recorded in the records of deeds of Caldwell County, the county in which the land is situated; and that defendant Ware purchased the same prior to the institution of this suit from the defendant Richerson and wife for a valuable consideration, without notice, actual or constructive, that said deed from plaintiff to said Richerson was intended for any other purpose than a warranty deed vesting the title to the land in the defendant J. W. Richerson, and said judgment is contrary to law because the possession of said land by plaintiff A. Moody, the vendor of said Richerson, was not notice to defendant Ware that said Moody was claiming any interest in said land. Wherefore, for the errors assigned, appellant prays that the judgment rendered herein be reversed, and that judgment be rendered in favor of appellant for said lands and the rents due thereon."

Under the first and second assignments appellant makes this proposition: "A verbal agreement to reconvey land which was deeded absolutely is within the statute of frauds, and can not be the legitimate basis of an action to recover the same, nor can such agreement be shown." The soundness of this proposition may be conceded, and yet no reversible error is shown. The assignments under consideration are addressed to the rulings of the court on appellants' demurrers, the contention being that appellee's petition showed on its face that he was seeking to enforce a verbal agreement for the conveyance of real estate. The record, however, does not support this contention. The petition, as set out in the transcript, merely alleges an agreement to reconvey the land, but does not state whether it was a verbal or written agreement. The petition did not disclose an agreement within the statute of frauds. Doggett v. Patterson, 18 Texas, 158; Cross v. Everts, 28 Texas, 523; Gonzales v. Chartier, 63 Texas, 36. Besides, even if this exception to the petition should have been sustained, appellee offered no evidence to prove the al-

leged agreement, and therefore the ruling on the exception is immaterial.

As to the third assignment of error, there is ample evidence to show, and we find as a fact, that the consideration for the deed from appellee to J. W. Richerson had entirely failed. This entitled appellee to the relief sought and obtained as against Richerson; and also as against Ware, if he is not protected as an innocent purchaser. In order to constitute him such a purchaser he must have bought without notice of appellee's rights and paid a valuable consideration; and taking the property in payment of an antecedent debt would not be such valuable consideration as is necessary to render one an innocent purchaser.

The trial court did not file conclusions of fact and law, but if there is evidence in the record sufficient to justify the conclusion that appellant had notice of appellee's rights, or that he did not pay a valuable consideration for the land, then the judgment is correct and must be affirmed.

The land was shown to be worth not over $465; the deed from Richerson and wife to Ware recites a consideration of $1200. Ware testified in his own behalf by written deposition, and he stated in general terms that he paid $1200 for the land, but when asked on cross-examination to state the amount that he paid for it, whether in cash or otherwise, he evaded the question, and, instead of saying how much he paid for the land, said that Richerson and his wife acknowledged a consideration of $1200, and that he paid cash and nothing but cash. It seems that appellant's deposition was taken twice; and the same cross-interrogatory was repeated to him, and his answer the second time is, in substance, just as it was the first. This shows that the failure to state how much he paid for the land was an intentional evasion of the question, which evasion would justify the conclusion, either that he paid nothing, or only a nominal consideration for the land. He may have paid Richerson no more than 50 cents or a dime for the land, and such a consideration, though "cash and nothing else but cash," as he expressed it, would not make him a purchaser for value. Being twice called upon to tell how much he paid for the land, and failing each time to do so, the court below doubtless concluded, and we so find as a fact, that if he paid any money at all, it was only a nominal sum.

Besides the testimony bearing on the question of valuable consideration, there is evidence on the question of notice tending to show that appellant had knowledge of such facts as would put a prudent man on inquiry as to appellee's rights, if he did not in fact know that Richerson had not paid for the land. And in saying this we do not refer to appellee's possession of the land, which, under the rule laid down in Eylar v. Eylar, 60 Texas, 315, did not constitute notice of his rights. On cross-examination, appellant said that before buying the land he went to Caldwell County, the county in which it is situated, for the express purpose of examining the land; that he had a conversation with S. S. McDowell, deputy county clerk, but had no recollection that McDowell said that there was anything wrong about the matter, *except that the land was the homestead of Moody, or he believed so, or something to that effect.* Now, the evi-

dence shows that appellee never surrendered or abandoned his possession of the land; that he and his son, who was his tenant, were then in possession of it; therefore, if appellant had gone on the land and examined it, the very purpose for which he went to Caldwell County, it is quite probable that he would have received further and more definite information concerning Richerson's title. Did he go and look at the land? On that subject his own testimony is silent; but, inasmuch as the appellee testified that he was then in possession of part of the land, and that he never had seen Ware and never heard of him until he heard he was claiming the land, it is reasonable to conclude that he did not. Then why did he abandon the very object of his journey to Caldwell County? He has given no explanation himself; and, in the absence of a satisfactory explanation, it is reasonable to infer that, after what McDowell had told him, he was afraid if he went and examined the land he would receive actual knowledge of the fact that appellee was claiming the land as his own, and the reason why he was so doing.

We also note the fact that the record does not show whether the deed from Richerson to Ware is a general warranty, special warranty, or nonwarranty deed. It is not copied in the record, but is described as a deed conveying the land, from which we conclude that it is more than a quitclaim deed, but it may have contained no warranty clause whatever; and if such was its character, that fact, though not of controlling effect, was a circumstance to be considered on the subject of notice.

No reversible error has been assigned, and the judgment will be affirmed.

*Affirmed.*