### NEYLAND et ux. v. BLACK et ux.

(Court of Civil Appeals of Texas. Galveston. Feb. 16, 1922.)

Deeds &#9758;19—Failure to live on land conveyed as agreed held not to give grantor right to cancel deed.

Where the real consideration for a deed, not appearing therein, was agreement of grantees to move on, improve, and make their permanent home on the land, so that they would be of value in companionship and assistance to the aged grantors, and grantees moved on the land and lived there for eight months and built valuable improvements, and then vacated it and manifested an intention of not returning, the grantors were not entitled to a cancellation of the deed, but only to damages, which the court might make a lien against the land as security for its payment.

Appeal from District Court, Leon County; Carl T. Harper, Judge.

Suit by H. M. Black and wife against Thadeas Neyland and wife. From a judgment for plaintiffs, defendants appeal. Reversed and remanded, with directions.

Joe H. Seale, of Centerville, for appellants.
M. L. Bennett, of Normangee, for appellees.

GRAVES, J. The suit here was to cancel a deed to 50 acres of land from Black and wife to Neyland and wife, with an alternative prayer for $2,000 as damages for its value, and establishment of a lien upon it until the judgment asked should be satisfied. The deed was in regular form of a general warranty, merely recited a consideration of "the sum of one dollar to us in hand paid by R. T. Neyland, the receipt of which is hereby acknowledged," and contained no reserva-

tions of any sort as to title. There was no fraud in the execution and delivery of the of the deed charged, the petition alleging as the sole ground for cancellation the following:

"That it was understood by and between plaintiffs and defendants, and defendants so represented, that defendants would move out on said lands and premises and make the same their permanent home, improve and live on the same, and reside there, so that said defendants, who are young, could render whatever assistance and services they might be required by plaintiffs herein, who are aged and decrepit, and during the natural lives of defendants said defendants would be companions to said plaintiffs, before said deed was executed by defendants to plaintiffs, and that the same was the true consideration for which the same was executed, and the inducing cause of plaintiffs executing said deed. That, notwithstanding the foregoing agreement between plaintiffs and defendants, said defendants only resided on said lands and premises a few months, and they vacated the same, to wit, on or about the 15th day of December, A. D. 1920, at which last-named date they moved from said land or premises, and have failed and refused to live on the same since date of departure, and have manifested the intention of not residing on the same any more, notwithstanding the representations made to plaintiffs that they would so reside thereon."

Neyland and wife specially excepted, on the ground that no legally sufficient reason for the cancellation of the deed had been assigned, denied generally the matters of fact averred in the petition, and alternatively prayed that, if cancellation should be decreed, they have judgment for the value of the improvements they had put on the land. Trial before the court without a jury resulted in a judgment cancelling the deed in favor of the Blacks, but awarding title and possession of the improvements placed upon the land by Neyland and wife to them, with a reasonable time within which to remove them. From such judgment, the Neylands appeal.

The undisputed evidence, and the trial court's findings of fact as well, showed three things: (1) That the real consideration for the deed was the agreement of the grantees to move upon, improve, and make their permanent home on the land, so that they, who were young people, might be of value in companionship and assistance to the grantors, who were aged; (2) that after the execution and delivery of the deed appellants did move upon the land, lived there for more than eight months, and built valuable improvements thereon; (3) that appellants vacated the land and at the time manifested an intention of not returning.

In the uncomplicated and well-defined circumstances the cause thus presents, appellants contend that the deed, being absolute upon its face, without reservation of title

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in event there was any failure of consideration, but containing covenants of general warranty, and there being no fraud in its execution and delivery alleged, the title to the land passed to them thereunder, and did not revert to the grantors on their failure to fully carry out the covenants the court found constituted the real consideration for the conveyance. This position must be sustained, since it embodies the law as heretofore announced by this and others of our appellate courts. Elliott v. Elliott, 50 Tex. Civ. App. 272, 109 S. W. 215, 1142; Chambers v. Wyatt (Tex. Civ. App.) 151 S. W. 865; Odom v. Odom (Tex. Civ. App.) 139 S. W. 900. It will be noted that, under the facts found, there was here no total failure of consideration, which circumstance alone differentiates the case as made from that reflected in Richerson v. Moody, 17 Tex. Civ. App. 67, 42 S. W. 317, cited and relied upon by the appellees.

The conclusion that the ownership of the land so vested and remained in appellants eliminates any issue affecting the improvements they constructed thereon, since the right to these goes with the title. As our statement of the facts has shown, however, the trial court found that appellants had in part breached the covenants which constituted the moving consideration for the conveyance, and under the authorities before cited their remedy for that lay, not in cancellation of the deed, but in a claim for such actual damages to themselves as were legally susceptible of proof, and, in event they had shown themselves entitled to a recovery of that character, the court would not have been without authority to adjudge a lien against the land as security for its payment. Chambers v. Wyatt, supra. These matters were not developed below, and consequently this court is in no position to determine them one way or the other.

Pursuant to the holding herein made, the judgment must be reversed. That order is accordingly made, and the cause is remanded to the trial court, with direction to first enter its decree vesting title to the land in the appellants, and then to hear such claims for damages for violated covenants as appellees may present.

Reversed and remanded, with instructions.