### CATE et al. v. CATE.
### No. 14326.

Court of Civil Appeals of Texas. Dallas.
Dec. 1, 1950.

Rehearing Denied Jan. 5, 1951.

Hassell & Hassell, Dallas, for appellants.
C. M. Smithdeal, Dallas, for appellee.

CRAMER, Justice.

This is a will contest. Appellants are the two children of Hugh C. Cate, deceased, and his first wife Mildred Joyce Cate, who died in 1943. Appellee Madge Walden Cate is the second wife of Hugh C. Cate, deceased. Appellants claim under an alledged will made during the lifetime of their mother, while appellee claims under a second will executed by Cate after the death of his first wife and his marriage to appellee. Madge Walden Cate offered the last will of Hugh C. Cate, deceased, dated February 2, 1945, for probate. The last will expressly revoked all prior wills; gave to appellee all of deceased's property except $6,000 to each of the appellants; said $6,000 bequests to be paid out of designated insurance policies. This will of February 2, 1945, was contested by appellants both in the County Court and on appeal to the District Court. The contest in the District Court was on the ground that the instrument offered was not in fact the last will of deceased; and, if it was, then testator was without mental capacity to execute said will and, further, that testator was acting at the time under undue influence of the second wife. The District Court sustained special exceptions to ap-

pellants' pleading and struck from such pleading the following:

"7. That prior to the 14th day of May, 1942, the said Hugh C. Cate, and the said Mildred Joyce Cate, the father and mother of plaintiffs, looking to their future and future of plaintiffs, agreed, each with the other, to make a disposition of their property, all of which was community property, which would provide protection for them, and the survivor of them during life, and for the protection of their children, these plaintiffs, after the death of the survivor of them. That such proposed disposition was the wish, desire and purpose of each of them, and the promise and undertaking of each was upon and in consideration of the like promise and undertaking of the other that such arrangement would be made. It was intended and so agreed that the survivor of plaintiffs' said parents should, during the lifetime of such survivor, have the right to possess, use, control and dispose of the property existing at the time of the death of the first parent for the support and maintenance of the survivor, and that any property on hand and not used for such purpose at the time of the death of such survivor should become the property of contestants in equal parts.

"8. That pursuant to said agreement and in consummation thereof, and wholly and solely in consideration of the same and for the purpose contemplated, on or about the 14th day of May, 1942, plaintiffs' mother, Mildred Joyce Cate, executed her will, by which she gave to their father, in case he should survive her, upon the conditions and premises and for the purpose aforesaid, the real estate and property on hand and owned by them at said time, and such as might be acquired thereafter, by them during their marriage; and their said father, in like manner and for like purpose and in consummation of said agreement, executed his will, by which he gave to their mother, in case she should survive him, upon the conditions and premises and for the purpose aforesaid, the real estate and property on hand and owned by them at said time, and such as might be acquired thereafter by them during their marriage. Said wills were identical in terms, as was intended and agreed between the parties before the execution of same, except as to the beneficiaries, and it was provided that the survivor taking thereunder should have the right to sell or dispose of the same for the benefit of such survivor, but that any property remaining on hand should, as aforesaid, become and be the property of these contestants.

"9. Contestants further allege that said wills were mutual and reciprocal between said parties, and were based upon and conditioned by said contract made between them theretofore, and neither party had the right to rescind or revoke the same without notice to the other. That the said Mildred Joyce Cate faithfully observed said contract and the provisions of said will executed pursuant thereto until her death, and her said will remained unrevoked at said time.

"10. That thereafter, and on or about the 9th day of March, 1944, the said Hugh C. Cate, who was named as executor of the will of the said Mildred Joyce Cate, presented for probate, and procured the probate of the will of the said Mildred Joyce Cate; that, in so doing, he ratified and confirmed and estopped himself from denying said contract, and thereby agreed to keep and hold said real estate and the other properties of himself and said wife, except such as might be necessary for his own maintenance and support, and estopped himself from making any disposition of the same contrary to the terms of said original agreement and the terms of said will as hereinabove alleged."

The substance of the exception was that said paragraphs 7, 8, 9, and 10 are insufficient as a defense to probating "the will of H. C. Cate of February 2, 1945, because if said will is in due and proper form and witnessed according to the statute in such cases made and provided, the court must probate it, as neither the County Court nor this Court on appeal from the order of the County Court probating said will had or has jurisdiction to pass on the question as to whether there was a contract such as that alleged, and has no jurisdiction in this proceeding to enforce such contract if there was such contract."

On the trial, after the sustaining of such exception, the only evidence admitted, and the only issues submitted to the jury, were on testator's mental capacity; undue influence; and whether the will was signed as a result of an insane delusion which affected his disposition of his property. All issues submitted were answered favorably to appellee, and judgment entered thereon. Appellants have duly perfected this appeal from such judgment, and in proper time filed their record here consisting only of the transcript. There is nothing in such transcript showing the contents of either the probated will of the first wife or the will of Hugh C. Cate alleged to have been executed by him at the same time.

Appellants brief three points, to wit: The error of the court (1) in holding that the trial court was without jurisdiction to entertain the contest; (2) in striking from their pleadings paragraphs 7, 8, 9, and 10, and holding as a matter of law that they were immaterial and insufficient to state a claim within the jurisdiction of the District Court; and (3) "the deceased H. C. Cate having entered into a valid agreement with Mildred Joyce Cate, his wife, before May 14, 1942, to make disposition of their property for the benefit of them and the survivor of them and their children, and having on May 14, 1942, executed a will which was mutual and reciprocal as to his wife and made pursuant to said agreement, the same was (a) irrevocable from the time of the execution of said wills, or (b) if not irrevocable from the time of their execution, became so on the death of Mildred Joyce Cate, or (c) in any and all events, upon the probating of the will of the said Mildred Joyce Cate by the said H. C. Cate and his acceptance of the benefits thereof, and the court erred in sustaining the exceptions and striking the issues tendered by the pleadings."

■ Under the record the questions raised by appellants' points appear to us to have been foreclosed against them in the case of Wyche v. Clapp, 43 Tex. 543, wherein on page 548, after holding that a joint will may be admitted to probate on the death of either of the parties as his or her will, if otherwise unobjectionable, it is stated: "But from the very nature of such an instrument it cannot operate or have effect as the joint or mutual will of the parties while one of them survives; for if it is a will it is subject to revocation. It is, indeed, well established that agreements to make mutual wills are valid. But the effect of such agreements is not to render wills made in pursuance of them irrevocable, though they may be enforced in equity against the estate of the defaulting party after his decease on the ground of an attaching equitable trust." Such holding was expressly approved and reaffirmed in Gorman v. Gause, Tex.Com.App., 56 S.W.2d 855, 859 (Syl.3), opinion by Judge Leddy who stated: "The joint and mutual will of John P. Gause and wife cannot be given effect as the joint and mutual will of the parties while one of the parties survives, as it is subject to be revoked by the survivor. Wyche v. Clapp, 43 Tex. 543."

■ We think the law applicable here is as stated in 57 Am.Jur., Wills, p. 154, § 174, as follows: "A contract to devise or bequeath property to a particular person is generally irrevocable by the promisor. While the revocability of a will is not affected by the fact that the instrument was executed pursuant to a contract, a testator having made his will pursuant to a valid contract cannot escape the obligation of the contract by revoking the will, and his heirs will not be permitted to take advantage of such revocation, since it is within the power of a court of equity to charge them as trustees under a trust in the property for the benefit of the promisee. A will executed pursuant to an agreement based upon a valuable consideration is contractual as well as testamentary. In the latter aspect it may be revoked without the consent of the beneficiary, but not in the former. * * *."

Since the trial court properly sustained appellee's exceptions, its judgment is affirmed.