Ernest SINGLETON, Appellant,

v.

SOUTHWESTERN SETTLEMENT AND DEVELOPMENT CORPORATION, Appellee.

No. 6135.

Court of Civil Appeals of Texas.

Beaumont.

March 26, 1959.

678

Houston Thompson, Silsbee, for appellant.

B. F. Whitworth, Jasper, for appellee.

ANDERSON, Chief Justice.

This is a suit in trespass to try title which involves 22.83 acres of land in Hardin County, a part of the L. de Leslie League, Abstract 35. It was instituted on January 13, 1956, by Southwestern Settlement and Development Corporation against Ernest Singleton, the appellant. Having acquired Southwestern's title, East Texas Pulp and Paper Company, with leave of the court, substituted itself as plaintiff during pendency of the suit and is now the appellee. Defendant Singleton answered by general denial, plea of not guilty, and a special plea of title by adverse possession under the ten-year statute of limitation, Article 5510, Vernon's Texas Civil Statutes. By supplemental petition, the plaintiff pleaded, in substance, that by written instrument dated December 1, 1944, its predecessor in title, Southwestern Settlement and Development Corporation, contracted to sell the land in controversy to one Tyre Singleton, the defendant's brother; that said Tyre Singleton failed to make the payments called for by the contract; that notice of cancellation of the contract was given as therein provided; that final cancellation of the contract was effected; that the entry by defendant on the land in controversy was with permission of his brother Tyre Singleton; and that the possession of defendant prior to cancellation of the contract was not adverse possession. The cause was submitted to a jury on special issues, all of which were answered favorably to the plaintiff. The defendant made motion for judgment despite the verdict, but the motion was overruled. Judgment awarding the plaintiff title to and possession of the land was then rendered upon the verdict. His motion for a new trial having been overruled, the defendant appealed.

■ Appellant concedes that appellee proved itself the holder of record legal title to the land, but contends that equitable title to the land was conclusively shown to be in Tyre Singleton by virtue of the aforementioned contract and that appellee should therefore have been denied judgment. The contention is overruled. The evidence did not, in our opinion, prove Tyre Singleton to be the holder of equitable title; but assuming the contrary to be true, the record legal title, even if only held by appellee

in trust for Tyre Singleton, was sufficient in the circumstances to support the judgment, since appellant does not purport to hold under his brother. Goode v. Jasper, 71 Tex. 48, 9 S.W. 132; 41-A Tex.Jur. 529—Trespass to Try Title, sec. 15.

■ Had findings favorable to appellant been made in response to the limitation issues, the evidence would perhaps support them, but we cannot concede that appellant conclusively proved a limitation title, or even that the overwhelming weight and preponderance of the evidence clearly required that the limitation issues be answered in his favor. His claim that for more than ten years he kept the land fenced, the while pasturing livestock upon it, was not unopposed; but if possession and use for the requisite period of time are assumed, the jury was still at liberty under the evidence to conclude that the possession had not been adverse. To justify such a conclusion, there was evidence to the effect that upon at least three occasions—one of which was before limitation title could have matured—appellant unqualifiedly offered to purchase the land from appellee's predecessor in title and to pay for it what his brother had contracted to pay. Appellant testified, it is true, that in making the offers he had merely been endeavoring to buy his peace and avoid litigation, but the jury was at liberty to reject that explanation and to conclude that the offers were made in recognition of Southwestern's title. And to further justify such a conclusion, there was evidence to the effect that during the two years next before suit was filed appellant and Southwestern's representatives conversed about the land upon numerous occasions and that not once during those conversations did appellant claim to own the land. Moreover, there was some slight evidence tending to show that, despite his denials, appellant entered upon the land as his brother's tenant, and none to show that he subsequently renounced that status and gave notice that he had done so.

■ For yet another reason, however, we would not be justified in disturbing the jury's verdict. It is well settled that the uncorroborated testimony of a party to a suit, especially if ambiguous or self-contradictory or if opposed by inferences from surrounding circumstances, need not be accepted at face value and will not support an instructed verdict in favor of such party. Texas Employers' Ins. Ass'n v. Roberts, 135 Tex. 123, 139 S.W.2d 80, 84; Simmonds v. St. Louis, B. & M. R. Co., 127 Tex. 23, 91 S.W.2d 332; 41-B Tex.Jur. 229. And we are of the opinion that such evidence as there was to corroborate appellant was too meager, restricted, and indefinite to render the rule inapplicable. Aside from evidence that would support a finding that someone fenced the land at some time after December 1, 1944, the only evidence tending to corroborate appellant's testimony was supplied by Bill Jiner, who testified, in substance, that he knew as early as 1944 that appellant had a pasture near his (appellant's) house; that in 1951 he heard appellant refer to the pasture as "his land"; and that appellant permitted him to keep some cows in the pasture "off and on" during 1951, 1952 and 1953. And to add to its patent weakness, Jiner's testimony not only failed to make clear that the witness was testifying with reference to the land in controversy, but indicated rather strongly that he was in fact testifying about a twenty-acre tract appellant had purchased and fenced prior to December, 1944, and which adjoined the east side of the land in controversy. Jiner was quite certain, for example, that it was in May, 1944, that he saw the fence about which he testified, and appellant did not claim to have fenced the land in controversy until after Christmas of that year.

■ Complaint is made of the trial court's action in submitting to the jury special issues five through eight, which were objected to upon the grounds that they pertained to evidentiary matters and to matters already covered by the general

limitation issue. The points dealing with submission of the issues are overruled. If error was committed, which is not conceded, appellant has failed to demonstrate wherein he was harmed by it. One of the issues (No. 5) inquired as to whether appellant entered upon the land under permission from his brother; each of the other three asked whether within a particular period of time appellant offered to purchase the land. The judgment is supported by findings made in response to other issues.

Upon the basis of what has been said, all of appellant's points of error are overruled, and the judgment of the trial court is affirmed.