**Gwendolyn Gage SEALE, a Feme Sole,**
**Appellant,**

v.

**James C. MUSE, III, Ind. Executor, Estate Robert C. Newcomb, Dec'd et al.,**
**Appellees.**

No. 15933.

Court of Civil Appeals of Texas.

Dallas.

Dec. 1, 1961.

Rehearing Denied Dec. 29, 1961.

Passman, Jones & Whitener, and Bill C. Hunter, Dallas, for appellant.

J. C. Muse, Jr., Ralph W. Currie, Currie, Kohen & Freeman, Dallas, for appellees.

WILLIAMS, Justice.

Summary judgment proceedings. Rule 166–A, Texas Rules of Civil Procedure. Since this appeal involves the propriety of the action of the trial court on motions for summary judgment it becomes necessary to review the pleadings, motions and supporting affidavits which were before the court at the time of the rendition of final judgment.

Plaintiff, Gwendolyn Gage Seale (hereinafter referred to as Seale) filed her original petition containing the following pertinent allegations: That prior to May 26th, 1954 Robert C. Newcomb was engaged in a contest concerning the will of his deceased brother in the State of Florida, that on or about May 26th, 1954, Carlton Gage, plaintiff's father, entered into a contract and agreement with Robert C. Newcomb, by the terms of which he agreed to lend such sums of money as were needed to finance the contest of the will, and further agreed to furnish his services in the prosecution of such will contest; that in exchange for the agreements on the part of Carlton Gage, Robert C. Newcomb agreed and bound himself to bequeath and devise such property as he might own at his death to Carlton Gage's daughter, plaintiff herein, and to one Joe Fleming, Jr. That in pursuance of such contract Carlton Gage did advance sums of money and perform services in connection with the will contest which was settled and compromised in 1955. That pursuant to and consistent with the contract and agreement, the said Robert C. Newcomb, on January 7th, 1955, executed his last will and testament, same being copied in haec verba and attached to such petition; that without the knowledge of plaintiff, on or about April 19th, 1957, Robert C. Newcomb executed another instrument as his last will and testament, a copy of such instrument being copied haec verba and also attached to such original petition, by the terms of which all of Newcomb's property was left to Cornell University, with James C. Muse, III, being named as independent executor. Robert C. Newcomb died February 22nd, 1960. His will of 1957 was admitted to probate and James C. Muse, III, was confirmed as independent executor of such estate. Plaintiff charges that the will of 1957 was contrary to and amounts to a breach of the contract between Carlton Gage and Robert C. Newcomb, deceased, and by virtue of such breach the plaintiff sought to impose a trust upon all the property of Robert C. Newcomb, deceased, and asked the court to enforce the terms and conditions of the contract between Gage and Newcomb as evidenced by Newcomb's will of 1955. In the alternative, plaintiff sought to have executor Muse estopped from delivering of disposing of the property of Newcomb in any manner inconsistent with the terms and conditions of the contract and agreement between Gage and Newcomb.

Defendant Cornell University (hereinafter called Cornell) filed its first amended

original answer wherein special pleas and defenses of the statute of frauds and the statute of limitations were asserted. Defendant James C. Muse, III, (hereinafter called Muse) filed his first amended original answer in which he first addressed a special exception to plaintiff's petition on the grounds that same did not demonstrate whether the contract between Gage and Newcomb was oral or in writing. This exception was followed by special defenses, especially that of the statutes of frauds and limitations.

Plaintiff filed her motion for summary judgment, and attached to such motion the affidavit of Carlton Gage, recited to have been made on personal knowledge of Gage and that he is competent to testify to the matters contained in said affidavit. In this affidavit Gage recites his transactions with Newcomb having to do with the will contest and further states that, in consideration of advancement of monies and services in connection with this will contest, that Newcomb agreed with him on May 26, 1954 to devise and bequeath such properties as he might own at his death to his daughter, Gwendolyn Gage Seale and Joe Fleming, Jr. He further recites the money that he advanced Newcomb and the services he performed in connection with the will contest and also sets forth the execution by Newcomb of the will of 1955 which, according to Gage, was consistent with and expressed the agreement theretofore made in 1954 between Newcomb and Gage.

Defendant Cornell filed its opposition to plaintiff's motion for summary judgment, attaching thereto the affidavit of J. C. Muse, Jr. Muse's affidavit is not shown to have been made with the personal knowledge of Muse nor that Muse is qualified to testify to the contents of such affidavit. In view of our disposition of this case we will not attempt to review in detail the contents of Muse's affidavit. Cornell thereafter filed its motion for summary judgment, based upon the pleadings and affidavits on file. The trial court overruled plaintiff's motion for summary judgment and, after having further considered Cornell's motion, sustained same and rendered a "take nothing" judgment against plaintiff.

Seale's appeal is predicated upon nine points of error which may be considered in two general classifications. By points one through six she complains of the action of the trial court in granting Cornell's motion for summary judgment, and in points seven through nine she complains of the action of the trial court in not sustaining her motion for summary judgment.

We have concluded, after careful consideration of the entire record before us, that the trial court was in error in sustaining Cornell's motion for summary judgment and therefore Seale's points one through six must be sustained.

Our Supreme Court, in the case of Gulbenkian v. Penn, 151 Tex. 412, 252 S.W. 2d 929, affirming this Court in 243 S.W.2d 220, illustrates with crystal clarity the duty on the part of the trial judges and appellate judges in weighing the questions presented by a summary judgment motion under Rule 166–A, T.R.C.P. Therein our Supreme Court pointed out that it is the duty of the court hearing the motion to determine if there are any issues of fact to be tried but not to weigh the evidence and determine its credibility, and thereby try the case on affidavits. The court also laid down the rule that any doubts existing concerning the propriety of such motion must be resolved against the moving party. The movant has the burden to conclusively negative the existence of any genuine issue in regard to controlling facts. A defendant moving for a summary judgment must assume the negative burden of showing, as a matter of law, that the plaintiff has no cause of action against him. Neigut v. McFadden, Civ.App., 257 S.W.2d 864; Statham v. City of Tyler, Civ.App., 257 S.W.2d 742; and Achterberg v. Gillett, Civ. App., 322 S.W.2d 306.

However, when both parties move for a summary judgment, the burden is upon each to prove clearly his right thereto, and

neither party can prevail because of the failure of the other to discharge his burden. Tigner v. First Nat'l. Bank of Angleton, 153 Tex. 69, 264 S.W.2d 85.

■ Applying these well-established principles of law to Cornell's motion it becomes evident that a two-fold burden existed, namely, to establish affirmatively that no material fact or facts entitling plaintiff to recover remains an issue; or, that plaintiff's pleadings are inadequate as a matter of law, to state a cause of action. We do not believe that Cornell sustained this burden and that whenever the reasonable doubt presented by this record is resolved against Cornell its motion should have been overruled.

■ It is obvious from this record that the trial court disposed of Cornell's motion favorably on the proposition that the two legal defenses presented by Cornell and Muse, namely, the statute of frauds and statute of limitations, were valid as a matter of law. Plaintiff's suit was not barred by limitations. It is well settled that limitations on a contract to bequeath or devise property begins to run at the date of the death of the person who agrees and contracts to bequeath or devise property. Dyess v. Rowe, Civ.App., 177 S.W. 1001, err. ref. See also Richardson v. Lingo, Civ.App., 274 S.W.2d 883. The record here demonstrates that plaintiff or her father may have known about the 1957 will prior to the death of Newcomb, yet they did file this suit within a few months after the death of Newcomb. Under these facts it is quite apparent that the statute of limitations as pled by Cornell and Muse was not a valid defense to Seale's cause of action.

■■ Neither was the defense of the statute of frauds applicable to the facts of this case. Cornell and Muse contend that since Newcomb's will of 1955 was not contractual in nature, and does not refer specifically to any antecedent agreement, that such prior agreement, if any, must be in writing in order to avoid the statute of frauds. A contract to bequeath or devise property is valid and enforceable and the right to sue to enforce such contract has been established in Texas. Jordan v. Abney, 97 Tex. 296, 78 S.W. 486; Dyess v. Rowe, supra; and Cate v. Cate, Civ.App., 235 S.W.2d 456, err. ref. However, Cornell and Muse are correct in their assertion that the law is well settled in this State that a parol contract, involving both real and personal property, which is indivisible, is void as to both and cannot be enforced as to either. Mueller v. Banks, Civ.App., 300 S.W.2d 762; Upson v. Fitzgerald, 129 Tex. 211, 103 S.W.2d 147; Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; Art. 3995, subd. 4, Vernon's Ann.Civ.St. Thus, had Cornell and Muse established affirmatively, and without question, that the contract between Newcomb and Gage of 1954 was verbal then there would be no doubt concerning the validity of the action of the trial court in this case. But this fact was not established beyond a doubt by Cornell and Muse.

■ Seale's original petition does not state whether the agreement between Newcomb and Gage in 1954 was oral or in writing. A careful review of Gage's affidavit, attached to Seale's motion for summary judgment, fails to reveal whether the agreement was verbal or in writing. Cornell, in its brief and oral argument before the court, as well as Muse in his brief and oral argument, assumed that the agreement between Newcomb and Gage was oral. With this assumption we cannot concur. Muse's affidavit even though it could be considered, is negative in dealing with the agreement with Gage and Newcomb. The pleadings are silent as to whether the agreement was oral or in writing. Gage's affidavit is silent as to whether the agreement was oral or in writing. Muse filed a special exception seeking to ferret out this information but, alas, such exception was never acted upon by the court prior to the hearing on the motion for summary judgment. Parenthetically we

may point out that this case illustrates the need for a closer observance of pretrial procedure as contemplated by the salutary rules available to trial courts. In this instance, had the trial court required an observance of the rules by ruling upon the special exception contained in Muse's answer, such would have revealed the true status of the agreement between Gage and Newcomb, and would, in all probability, have obviated many questions both in the trial court and here. Moreover, a simple request for admissions of fact would have revealed the contract in its real form. Rule 169, T.R.C.P. It should be observed that the summary judgment procedure is a part and parcel of the pretrial rules. Same should be considered together and in aid of each other in order to obtain the beneficial results contemplated by our Supreme Court.

Since Cornell and Muse have failed to establish that the agreement between Gage and Newcomb was verbal, rather than in writing, we must assume that the pleadings stated a cause of action and that the agreement was in writing and therefore not repugnant to the statute of frauds. Gonzales v. Chartier, (sup) 63 Tex. 36; Gause v. Roden, Civ.App., 66 S.W.2d 400. In Nichols v. Anderson, Civ.App., 164 S.W.2d 268, 270; err. W/O/M, Justice Folley, later a member of the Supreme Court said:

"Other than that which may be presumed or implied from the above recitations from appellant's petition, there are no express allegations as to whether the agreement sued upon was written or oral. We think it is settled, however, that although the contract comes within the statute of frauds the pleading need not allege the agreement to have been in writing, this being a matter of proof and not of pleading; *and it is the further rule that when such a contract is declared upon generally, without stating whether it is in writing or not, it will be presumed to be in writing.* Lewis v. Alexander et al., 51 Tex. 578, 585; Gonzales et al. v. Chartier, 63 Tex. 36, 37; Cross v. Everts, 28 Tex. 523, 524; Goen et al. v. Hamilton, Tex.Civ.App., 159 S.W.2d 231. *Under such rules we must therefore presume that the contract herein declared upon was in writing.* The court having dismissed the suit by reason of the alleged insufficiency of the pleadings, we must also assume the truth of the facts alleged and resolve every reasonable intendment in favor of the sufficiency of the appellant's petition. Sanderson v. Sanderson, 130 Tex. 264, 109 S.W.2d 744. Of course, our conclusions hereinafter expressed are governed by this rule and are not to be construed as findings of fact upon the merits of the case." (Emphasis ours.)

Having clearly failed to support the burden imposed upon it by demonstrating that Seale had no cause of action, as a matter of law, Cornell's motion should have been overruled. When tested by the record as it stands Seale's pleadings are sufficient to constitute a cause of action and is not defeated, as a matter of law, by legal defenses of limitations and statute of frauds.

Turning now to a consideration of Seale's points seven through nine, to the effect that the trial court should have sustained her motion for summary judgment, we are of the opinion that such points must be overruled. Seale's contention is to the effect that Muse's affidavit is insufficient, as a matter of law, and that without such affidavit no issue of fact was presented by the pleadings, supported by the affidavit of Gage. We are of the opinion that probably Muse's affidavit was not sufficient to meet the requirements of Rule 166–A(e), T.R.C.P. which provides that the affidavit must show affirmatively that same is made upon the personal knowledge of the affiant and that he is competent to testify to the matters stated therein. Sparkman v. McWhirter, Civ.App., 263 S.W.2d 832; Fonville v. Southern Materials Co., Civ.App., 239 S.W.2d 885; Page v. Pan American

Petroleum Corp., Civ.App., 327 S.W.2d 469. However, even assuming Muse's affidavit to be incompetent it must be observed that Gage's affidavit may not be taken to be conclusive of the matters contained therein. Gage is an interested witness and as such his testimony must be submitted to a trier of fact. True, there is an exception to the general rule concerning the testimony of interested witnesses to the effect that while the testimony of an interested witness is not contradicted by any other witnesses, or attendant circumstances, and the same is clear, direct and positive, free from contradiction, and circumstances tending to cast suspicion thereon, it is taken as true. Fowler v. Texas Employers Ins. Ass'n, Civ. App., 237 S.W.2d 373, err. ref.; Schepps v. American District Telegraph Co. of Texas, Civ.App., 286 S.W.2d 684, 41-B Tex.Jur. 229, § 193; Singleton v. Southwestern Settlement & Development Corp., Civ.App., 322 S.W.2d 677. But the record here is not such that we can say that the exception to the general rule applies. Grave doubt is cast upon the statements made in the affidavit of Gage by the expression of Newcomb himself in statements made in his 1957 will, pleaded by Seale as a part of her original petition. In this will Newcomb states inter alia that: "I have not promised to give or will to anyone my heirlooms or other items of personal property * *." Again, he says: "I have no relatives and no responsibilities or duty towards anyone * * *." Consideration of the same principles of law, having to do with the burden of proof and the resolution of any doubts, heretofore considered by us in connection with the ruling on Cornell's motion for summary judgment, impels us to a similar conclusion here. Certainly, the testimony of Gage is not without doubt and suspicion and therefore becomes such evidence as must be submitted to a trier of facts. Accordingly, the trial court was eminently correct in overruling Seale's motion for summary judgment.

The judgment of the trial court is reversed and remanded for a new trial.